GUIDRY, Judge.
This suit for damages arises out of a collision between an automobile operated by the plaintiff, Susan Sloane, and an automobile owned and operated by the defendant, Sidney Davis, Jr. The accident occurred on January 27, 1979. Sloane filed suit against Davis, his liability insurer, Safeway Insurance Company, and her own uninsured motorist carrier, Travelers Indemnity Company. Prior to trial, Travelers was dismissed from the suit after a settlement was reached with the plaintiff. The matter proceeded to trial against Davis and Safeway. After trial on the merits, the trial court found the defendant negligent and the plaintiff contributorily negligent. Because the accident occurred at a time when contributory negligence completely barred recovery, the trial court dismissed the claim of the plaintiff. The plaintiff appeals.
The sole issue on appeal is the correctness of the trial court’s determination that the plaintiff, Susan Sloane, was contributo-rily negligent. Finding no clear error in the trial court’s conclusion, we affirm.
The accident occurred in Opelousas, Louisiana, at the intersection of Guidry Street and Railroad Avenue. The plaintiff and a passenger, Ellen Davenport, were travel-ling east on Guidry Street. The plaintiff came to a stop at a stop sign regulating traffic approaching the intersection from Guidry Street, and prepared to execute a right turn onto Railroad Avenue. As she entered the intersection to make the turn, she was struck by the defendant’s vehicle. The defendant, proceeding north on Railroad Avenue, was in the process of passing a slower moving vehicle in a no-passing zone.
The plaintiff testified that, after coming to a stop at the intersection, she looked first to the left and then to the right. She stated that upon looking to the right, she saw two vehicles, but that both were in the *1379 proper, or northbound, lane of Railroad Avenue. After looking to the left once more, she began to execute the turn. Her passenger, Davenport, alerted her to the fact that a car was approaching in her lane of travel, but it was then too late to avoid the collision. Davenport testified that Miss Sloane’s ear had entered the intersection and was in the process of turning when the defendant pulled into the passing lane.
The defendant testified that the car ahead of him on Railroad Avenue had been stalling for some time before he attempted to pass it. He stated that the car was “jerking” along when he began the passing maneuver. According to Davis, he was in the passing lane and had pulled his car roughly even with the slower moving vehicle when he first saw the Sloane vehicle, which was then coming to a stop at the stop sign on Guidry Street. He stated that he blew his horn and flashed his bright lights in an attempt to prevent the Sloane vehicle from entering the intersection, but that the vehicle nevertheless pulled into the intersection, making the collision unavoidable.
The only other witness to testify concerning the accident was the investigating officer of the Opelousas Police Department, Ronnie Trahan. His testimony established that at the point of the collision, the plaintiffs vehicle had not completed the turn onto Railroad Avenue. The rear wheels of the vehicle were on Guidry Street and had not entered the intersection. Trahan stated that he stepped off the distance of the skid marks left by the defendant’s vehicle, finding them to be a length of twenty-one paces. He also stated that the skid marks were made at a slight angle from near the center line to the point of collision.
LSA-R.S. 32:104 states that no person shall turn a vehicle at an intersection “unless and until such movement can be made with reasonable safety.” A primary rule of safety in the operation of motor vehicles is to observe in the direction in which one is proceeding. One is never allowed to assume that the pathway is clear. Weber v. Phoenix Assurance Company of New York, 273 So.2d 30 (La.1973).
In the instant case, the trial court apparently accepted the version of the facts related by the defendant, at least insofar as he testified that he was already in the passing lane when the plaintiff entered the intersection. The court found that the plaintiff attempted the right turn at a time when it was clearly unsafe to do so, thus finding her contributorily negligent. The factual determination of the trial court with regard to contributory negligence is entitled to great weight, and should not be disturbed on appeal absent clear error. Cambridge Mutual Fire Insurance Company v. State Farm Fire and Casualty Company, 405 So.2d 587 (La.App. 3rd Cir.1981). Our careful review of the record reveals no clear error on the part of the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.