461 So.2d 473 (1984)
Cynthia LEITZ, et al.
v.
William WENTZELL, et al.
No. 84-CA-100.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1984.
Writ Denied February 4, 1985.
*474 Dwight W. Norton, New Orleans, for plaintiff-appellant.
R.K. Christovich, Glen B. Adams, New Orleans, for defendant-appellee.
Before BOUTALL, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
The facts giving rise to this matter are undisputed. Cynthia Leitz Salito and William Wentzell were involved in a two car collision on November 9, 1978. Mr. Wentzell's negligence is the undisputed cause of this accident, as admitted by him and found as a matter of fact by the trial court.
Mrs. Salito named as defendants in her suit the following parties: (1) William Wentzell, the driver of the offending vehicle; (2) Julie Maffe, the owner of the offending vehicle, at the time of the accident; and (3) American International Insurance Company, the automobile liability insurance carrier of the Maffe vehicle. Subsequently named as additional defendants were (4) State Farm Mutual Automobile Insurance Company which provided automobile liability coverage under a policy issued in the name of William Wentzell's wife, Wanda and (5) Mrs. Salito's uninsurance (under-insurance) carrier, Allstate Insurance Company.
Mr. Wentzell admitted his negligence as the sole cause of the accident, thus liability was clearly established at the beginning of the trial at which time the cause of action against Julie Maffe was dismissed. Allstate Insurance Company had settled with Mr. and Mrs. Salito two years prior to the trial; and subsequently dismissed without prejudice its Third Party Demand against all other defendants. Also, before trial American International Insurance Company tendered its policy limits subject to judgment (and immediately satisfied same when rendered).
Defendant, State Farm has steadfastly denied that its policy issued in the name of William Wentzell's wife, Wanda, provided *475 coverage to Mr. Wentzell. This issue was tried and the trial court dismissed the claim against State Farm and awarded the plaintiff $35,395.00, representing special damages of $22,045.50 and general damages of $13,350.00. From this judgment the plaintiffs have appealed.
They have presented the following issues for our review:
I. Insurance Coverage

a) Whether Mr. Wentzell was a resident of his wife's household for insurance purposes and thus an "insured" under the State Farm Policy.
b) Alternatively, whether Mr. Wentzell was a "named insured" under the policy provisions applicable to a "temporary substitute vehicle".
c) Alternatively, whether the policy of State Farm should be reformed to read Mr. Wentzell as the named insured.
II. Quantum:

a) Whether the $13,350.00 general damage award was manifestly erroneous in that it was inadequate in light of Mrs. Salito's past and future physical condition.

I. Insurance Coverage
The issue to be resolved on appeal by this court is simply stated: Did the policy of insurance issued by State Farm naming Wanda Wentzell as titled owner and insured provide coverage to William Wentzell for his negligent driving of another separate unrelated vehicle?
At the time of the accident, William Wentzell was driving a vehicle owned by Julie Maffe and insured by American. Both Julie Maffe and William Wentzell testified at trial that they were living together at the time of the accident. It was also established at trial that William and Wanda Wentzell were voluntarily living separate and apart on the date the accident occurred. Although there was no legal separation or divorce proceedings pending or filed, they had been physically separated for approximately seven months prior to the accident and were still physically separated as of the date of the trial.
On appeal the plaintiff has argued that the factual situation in the present case is similar to that of Bearden v. Rucker, 437 So.2d 1116 (La.1983), in which the Louisiana Supreme Court held that the wife was a "resident of the same household" and was a "named insured" covered under the uninsured motorist provision of the policy, even though the couple had been physically separated for over nine months.
In Bearden the facts indicated that Ms. Bearden had possession of the automobile which was insured in her husband's name. She had keys to the family home where she visited several times a week and there occasionally had meals with her children. She was also free to come and go from the family home as she pleased. The policy issued to Mr. Bearden also provided a "Family Protection Coverage" for the insured for injuries caused by an uninsured automobile.
Ms. Bearden, who was living separate and apart from her husband was injured in an automobile accident while a guest passenger in a non-owned automobile. The Beardens owned two automobiles and both were listed on the "Family Combination Automobile Policy" issued in the name of Lloyd Bearden, husband of Ms. Bearden.
We find the present case distinguishable from Bearden in a number of aspects. Wanda Wentzell is the named insured on the State Farm policy in question; thus, it must be shown that her husband was a member of his wife's household.
Clearly, if Mr. Wentzell was a member of his wife's household, he would be an insured under State Farm's policy, and coverage would be applicable even though he was operating a non-owned vehicle.
The record clearly reflects that William and Wanda Wentzell had divested themselves of their relationship. Each had abandoned their former domicile at one *476 time or another and both were residing with other mates. After reviewing the record, we find the trial court was correct in concluding that William Wentzell was not a resident of Wanda Wentzell's household at the time of the accident and thus, no coverage was provided under the terms of the State Farm policy.
In Bearden we had Ms. Bearden seeking coverage for injuries incurred while a guest passenger in a non-owned automobile. Here we have the plaintiff, Mrs. Salito, attempting to extend the coverage on Wanda Wentzell's car to the car owned by Julie Maffee, merely because William Wentzell was negligently operating that vehicle.
We recognize, as indicated in Bearden, that the controlling test of whether persons are residents of the same household at a particular time, does not depend on whether they are residing together under one roof.
However, we feel the issue should not be whether under the laws of this State the husband and wife are lawfully bound, but rather our interpretation of an insurance contract based on the factual situation at hand.
Further, in Bearden the policy in question, as previously indicated provided "Family Protection Coverage" of two automobiles. The agent at the time of the renewal of the policy had knowledge that one of the Bearden cars was in the possession of Ms. Bearden and that she was not living with her husband. In the present case there is no testimony in the record concerning the knowledge of the State Farm agent. The one Wentzell car was registered in Wanda Wentzell's name and the policy was also issued in her name.
The Wentzells were living separate and apart and with other mates. The trial judge correctly concluded that "the overwhelming weight of the evidence indicates that William Wentzell was not a member of the household of Wanda Wentzell." Also, there were no indications that there were any possibilities of reconciliation or that they intended their separation to be a temporary one.
Accordingly, the trial judge as the trier of fact, has determined that there was no coverage here under the terms of the State Farm insurance policy. His judgment is entitled to great weight and as a reviewing court, we should not substitute our opinion unless there has been manifest error. We find the evidence supports the judgment of the trial court and agree therewith.
The State Farm policy issued to Wanda Wentzell is void of any description of the vehicle being operated by William Wentzell when the accident occurred. There is no ambiguity in the wording of State Farm's contract and the policy holder (namely, Wanda Wentzell) made no declaration that she intended any vehicle registered to any other party to be covered under the terms of her policy. We agree with the trial court that the Maffe vehicle, used by William Wentzell at the time the accident occurred was not a "temporary substitute automobile", as that term is used in the State Farm policy. In order to apply this contractual provision, the Maffe vehicle must have been in the possession or under the control of Wanda Wentzell. There can be no coverage via the State Farm policy because William Wentzell was operating a vehicle not in the possession, or in the control of Wanda Wentzell when the accident occurred. William Wentzell was operating a vehicle registered to a third-party, namely Julie Maffe, which vehicle is not listed on the declaration page of the policy issued to Wanda Wentzell.
Lastly, our courts have recognized that written contracts of insurance can be reformed to conform to the original intention of the parties if there exists either mutual error or for fraudulent, negligent, or mistaken conduct on the part of the agent issuing the policy, Herbert v. Breaux, 285 So.2d 829 (La.App. 1st Cir. 1973); Trahan v. Bailey's Equipment Rentals, 383 So.2d 1072 (La.App. 3rd Cir. 1980). In order to accomplish reformation, *477 a party must prove that the policy does not express the actual contract intended by the parties, Kolmaister v. Connecticut General Life Ins. Co., 370 So.2d 630 (La.App. 4th Cir.1979).
The record is absent an evidentiary basis which would indicate that Wanda Wentzell or State Farm, as parties to the contract of automobile insurance, wanted to include William Wentzell as an additional insured.
The parties knew how they wanted the contract to read and the contention that this contract of insurance should be reformed has no merit.
Accordingly, we hold that the record supports the finding of the trial judge and we affirm his judgment dismissing the plaintiffs' claim against the defendant, State Farm Insurance Company.

II. Quantum
The second error urged by the plaintiffs here is that the trier of fact abused its much discretion in fixing the award of general damages at $13,350. Again, we disagree. The well established rule is that an award for damages will not be disturbed on appeal unless an appellate court can give articulable reasons why on the particular facts of the case before it the award is an abuse of the trier of fact's "much discretion", Reck v. Stevens, 373 So.2d 498 (La. 1979).
We do recognize that the plaintiff has experienced considerable problems and pain as a result of the accident. The record discloses unrefuted testimony that Mrs. Salito to was confined to bed for about thirty days following the accident; that she underwent a left rib resection and that in August 1980, a cervical fusion was performed to alleviate neck pain and headaches. She further stated she is still suffering shoulder pain caused by a popping scapula at the time of trial, over four years after the accident.
Although the general damage award appears low; when reviewed in conjunction with the entire award, we do not find that the trial judge has abused his much discretion in fixing said award.
For the above and foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.