BOWES, Judge.
Plaintiff, Gaylard Markey, appeals a jury verdict, which was made the judgment of the trial court, seeking to have this court increase the amount of damages awarded and asking that we reverse that portion of the district court decision which finds Mr. Markey 30% at fault in the automobile accident which gave rise to this litigation.
At approximately 9:30 a.m., on February 24, 1983, plaintiff-appellant, Gaylard Mar-key, was operating a 1978 Pontiac LeMans, owned by his guest passenger and girlfriend, Hilda Venson, in a westbound direction on that portion of U.S. Highway 90-B known as the West Bank Expressway. Plaintiff was in the center lane of the three-lane roadway. Said center lane, at the point of interest to the court, allowed traffic either to turn left onto Terry Parkway or to continue straight on the West Bank Expressway. The lane to the left of the center lane was a left-tum-only lane, while the lane to the right of the center lane prohibited any turns at that point, allowing traffic to move only straight ahead.
As appellant was in the process of turning left onto Terry Parkway from the center lane, his vehicle was struck by another automobile which was being operated by defendant-appellee, Alea Howard, an insurance claims adjuster, and which was owned by Ms. Howard’s employer, defendant Continental Insurance Company. Accompanying Ms. Howard was Elsa Binnings, a coworker and fellow claims adjuster. Appel-lee, Howard, claims that, as she initially approached Terry Parkway, she, also, was in the center lane and that she was forced into the left-hand lane by a military truck, which was entering the flow of traffic from her right. She further testified that she never had any intention of turning left, even after being “forced” into the left-turn-only lane, and that the collision between her auto and the appellant’s vehicle occurred as she was attempting to re-enter the center lane of traffic and continue westbound on the expressway.
Up to this point, there is no real discrepancy in the testimony of the four individuals involved in the mishap. The real disagreement between the two versions of the accident concerns in which lane of traffic the collision actually occurred and who hit whom. Mr. Markey and his passenger claim that they were struck while their vehicle was totally within their lane of travel; while Ms. Howard and her passenger claim the collision occurred when the Mar-key automobile crossed into their lane while negotiating its left-hand turn.
The jury found that both plaintiff and defendant were at fault and that the fault of each was a proximate cause of the accident. They assessed the negligence of the plaintiff and the defendant as 30% and 70% respectively.
We have reviewed the record in accordance with the principles set forth for appellate review in Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985) and found that the testimony and evidence do not substantiate the jury finding (a finding with which the trial judge evidently agreed) of any fault on the part of the plaintiff, Markey. We hold such a finding to be manifestly erroneous and, for the reasons which follow, we reverse that portion of the verdict and judgment.
*167 First, Ms. Howard’s vehicle was in the left-turn-only lane. She was aware of this but, nevertheless, she ignored the plainly-posted requirement that she turn left, and instead attempted to continue to proceed in a westbound direction on the expressway, her original direction of travel. If, indeed, Ms. Howard, had made the required left-hand turn, there would have been no accident.
Appellees suggest that this case is typical of a situation where the doctrine of comparative negligence should be applied and, in support of this suggestion, they argue:
Louisiana Law [...] requires that a motorist exercise extreme caution in making a left turn. La.Rev.Stat. 32:104 states that no person shall turn a vehicle at an intersection “unless and until such movement can be made with reasonable safety.” As the Third Circuit Court of Appeals noted in Sloane v. Davis, 442 So.2d 1378 (La.App. 3rd Cir.1983), “a primary rule of safety in the operation of motor vehicles is to observe in the direction in which one is proceeding. One is never allowed to assume that the pathway is clear.”
While we agree with the foregoing, we find that the concept of comparative negligence, as it has been interpreted by Louisiana courts, simply does not apply to the case at bar. Based on the record, there are only two possible ways to interpret the evidence. Either the defendant/appellee ignored a left-turn-only lane and drove straight into the vehicle of plaintiff/appellant, who was making a lawful left turn within the boundaries of his lane; or the plaintiff/appellant made an improper turn, strayed into defendant Howard’s lane, and turned into the vehicle driven by her. Depending on which version of the accident is true, either plaintiff/appellant is completely at fault or defendant/appellee is completely at fault. In neither case is comparative negligence applicable, and a finding that the plaintiff/appellant was thirty per cent at fault is clearly wrong.
The evidence and the testimony clearly favor the plaintiff’s version of the case. Mr. Markey’s testimony is totally substantiated by both the testimony of Ms. Venson and the photographs introduced into evidence. On the other hand, we find significant differences in the testimony of the defendant and her witness on two particularly salient points — the location of the Continental Insurance Company vehicle on the roadway — just how far was the automobile into the intersection at the time of the collision; and the direction in which the car was facing at the time of the impact— was it facing straight down the expressway or was it turned toward the right (the center lane of traffic)?
Finally, both defendant and her passenger are trained insurance adjusters, who, at the time of the accident, were on their way to investigate some claims against their employer. Each was familiar with automobile claims and each had a camera in the car which was to be used in the work which they were to do that day. Elsa Binnings, the defendant’s passenger went so far as to take pictures that morning. However, she did not take pictures immediately after the impact, which probably would have negated the necessity of this suit. Both women testified that even though there was no traffic behind them, the first thing that Ms. Howard did after the collision was to move her automobile to a position on Terry Parkway in front of plaintiff’s vehicle.
We find it strains belief that Ms. Howard, a trained insurance adjuster, would move her car after an accident without directions from a police officer to do so, especially in view of her testimony that the ear was not obstructing traffic. We further find it difficult to believe, given the fact that she intended to move the automobile before the . police arrived, she would fail to take photographs before moving the car, particularly if the photographs would substantiate her story.
In reviewing the damage awards to the plaintiff, we find no abuse of discretion *168 by the trier of fact and, therefore, no basis on which to increase those awards.
The award of $4,050.00 for general damages would certainly be outside of the “much discretion” given to the trier of fact in assessment of damages if the jury had found that plaintiff’s symptoms had continued without interruption from February 24, 1983, the date of the accident, through July 1984, when plaintiff was involved in a second accident. However, it is evident from the special damage award that the jury placed much weight on the testimony of Dr. Russell Grunsten, who examined the appellant on May 3, 1983, just a little over two months after the subject accident, and found Markey to be asymptomatic. Plaintiff had been treated during the month of March 1983 by Dr. Craig Turner, whose bill totalled $185.00. On March 31,1983, appellant was discharged by Dr. Turner and never returned. It was stipulated that in addition to Dr. Turner’s bill, Mr. Markey incurred $381.73 in expenses for medication and diagnostic testing and charges of $788.00 from Dr. John Watermeier (whom he first consulted in October of 1983).
The jury awarded $570.00 in special damages, approximately the total of Dr. Turner’s bill and the expense of medication and diagnosis. Clearly, they felt that appellant’s consultation of Dr. Watermeier, several months after being found asymptomatic by Dr. Grunsten, was too attenuated to be attributable to the February accident. Though we may have evaluated the evidence differently and more in appellant’s favor, we are unable to say that the jury’s conclusions are manifestly erroneous or clearly wrong. Therefore, as an appellate court, we cannot disturb their findings. See Krake v. Exxon Co., U.S.S., 466 So.2d 625 (La.App. 5 Cir.1985) and Leitz v. Wentzell, 461 So.2d 473 (La.App. 5 Cir.1984).
Interrogatories submitted to the jury reveal that the award to the plaintiff was made “without considering any degree of fault or any percentage of fault attributed to each party.... ” Thus the amount of damages awarded in the judgment represents the total damages the jury felt the plaintiff sustained. The trial judge, in order to conform his judgment to the finding of 30% fault on the part of Mr. Markey, added together the total award to Markey of $4,620.00 and the total initial award to co-plaintiff, Hilda Venson (who took no part in this appeal) of $1,850.00 to get $6,470.00. He then awarded the defendants-appellees 30% of this figure, or $1,941.00. (Note: Even though Ms. Ven-son’s award was later raised to $2,214.15, the award to the defendants was not recalculated).
Accordingly, for the reasons assigned, we affirm both awards of damages to appellant, we reverse the finding of fault on the part of Mr. Markey and decree that Mr. Markey was free from fault and Ms. Howard was totally at fault. We annul that portion of the judgment which awards Alea Howard and Continental Insurance Company $1,941.00 in damages. We further annul that portion of the judgment which requires plaintiff to pay a proportional part of the expert fees assessed. All costs of this appeal are to be borne by defendants-appellees.
AFFIRMED IN PART, REVERSED IN PART, ANNULLED IN PART AND RENDERED.