544 So.2d 547 (1989)
VAN METER DRILLING COMPANY
v.
J.R. KUBELKA.
No. 88-CA-925.
Court of Appeal of Louisiana, Fifth Circuit.
May 10, 1989.
*548 Robert Angelico, Bruce V. Schewe, Liskow and Lewis, New Orleans, for plaintiff/appellee.
John B. Waldrip, Vaughan, Messina & Hellman, New Orleans, for defendant/appellant.
Before KLIEBERT, GRISBAUM, and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiff, Van Meter Drilling Company (Company) brought this action against defendant, J.R. Kubelka, seeking a judgment on a promissory note executed by Kubelka. Kubelka filed an answer and reconventional demand asserting that he was due compensation of $60,000 annually from January 1, 1981 through April 30, 1985 pursuant to a contract of employment.
The defendant admits the execution of and failure to pay the note, but contends that the note was issued to secure funds for the purchase of two oil rigs and was never intended as a collectable obligation. In the alternative, the defendant argues that the note was an accessory obligation to the debt it secured and was extinguished when the principal obligation was forgiven.
After a trial on the merits, the court rendered judgment in favor of plaintiff and against defendant in the full amount of the promissory note together with legal interest, costs of the proceedings and attorneys' fees in the amount of $5,000. Additionally, the trial court dismissed Kubelka's reconventional demand. Defendant brings this appeal from that judgment arguing that he was entitled to a jury trial on the reconventional demand and further that the trial court's judgments on both the main and the reconventional demand are erroneous.
Facts
The facts presented at trial show that Kubelka worked under the supervision of Cliff Van Meter for Sea Drilling Corporation. In 1981 the two men joined with Richard Hoskin, A.T. Webber, Jr. and W.A. Hines to form Van Meter Drilling Company as a sub-S corporation.
At the initial incorporation of the company, each principal made a cash contribution to capital. Defendant's check for $7,000.00 written on January 30, 1981 represented his share. Subsequently, each man executed a promissory note secured by a letter of credit to the Company. Kubelka's note is in the amount of $25,500 and represents the basis of plaintiff's claim in this action.
The business purpose of the Company was to act as general managing partner in Van Meter Limited Partnership I (Partnership). The Partnership was formed to own and operate land drilling rigs. Two such rigs were purchased by the Partnership with permanent financing from Manufacturers Hanover Leasing Corporation, (Manufacturers). The Company guaranteed the loan using the promissory notes and letters of credit as collateral.
In 1983 the price of oil decreased; the Partnership fell on hard times and defaulted on its loan. Manufacturers repossessed the oil rigs and called in the letters of credit given by Van Meter, Webber and Hines. The letters of credit issued on the accounts of Hoskin and Kubelka had expired. The balance of the Company's debt was forgiven by Manufacturers.
Offers were made by the Company to both Hoskin and Kubelka to fulfill their obligations on the promissory notes by paying half of the face amount. Hoskin accepted, Kubelka refused the offer. Consequently, the Company filed this action on Kubelka's promissory note.
Consideration
Kubelka asserts that no consideration for the note existed. He further contends *549 that the assertion of the affirmative defense of lack and/or failure of consideration shifted the burden of proof to the Company to show that consideration existed at the time the note was executed and did not wholly or partially cease to exist subsequent to execution of the note. A burden which, Kubelka asserts, was not met by the Company.
That conclusion depends on a version of the facts presented in defendant's brief which are not consistent with the facts presented at trial. Kubelka contends that the promissory note in question was executed merely as a method to secure financing for the purchase of drilling rigs to be owned and operated by the Partnership. Thus, there was never any consideration for the note which was used solely as a security device. He argues that the agreement between the parties was that the note would never be called in.
At trial, Cliff Van Meter testified that the Company was to be capitalized by a combination of cash and promissory notes from each of the share holders. The note executed on September 4, 1981 by Kubelka represented partial payment for his stock. Mr. Van Meter denied Kubelka's assertion that there was an agreement between the parties that the notes would never be called in.
Other evidence supports the plaintiff's position that the notes were capitalization of the Company. Richard Hoskin testified that he paid for his 5.6% share of the stock by a combination of cash contributions and a promissory note totaling about $32,500. Hoskin further testified that Van Meter did not tell him that the notes would never be called in. Hoskin believed he was responsible for payment on the promissory note and, in fact, accepted the Company's offer to fulfill his commitment for approximately one-half of the face value of the note.
There was additional testimony from Van Meter, Hoskin and two accountants to show that the notes were listed on the Company's books as paid-in capital. The documents to support this are contained in the record.
There was testimony from several witnesses, as well as documentary evidence, introduced to indicate that the amount of capitalization was dictated by Federal Revenue Regulations which require a general partner to be capitalized to at least 10% of money raised from limited partners in a public offering. This would enable the shareholders to take advantage of certain investment tax credits.
The defendant testified in his own behalf. He stated that he was unsure of the exact purpose of the promissory note but understood it to be necessary to secure financing. However, he admitted on cross-examination that he did not expect to receive his 5.6% of the shares of the Company for only $7,000 cash and knew that the note of $25,500 was "to make up the thirty-two, five that would buy the 5.6 percent eventually."
Introduction of Kubelka's income tax returns for the appropriate years revealed that Kubelka received investment tax credits of $11,152 in 1981 and $249 in 1982 as a result of his investment in the Company. He also received a dividend of $6,835 in 1982.
Under the circumstances we find that the promissory note was given in partial payment for stock received. We find further neither the absence of, or failure of consideration which would preclude recovery by the Company on the note executed by Kubelka.
The note meets the statutory requirements for negotiability. It is signed by the maker, contains an unconditional promise to pay a sum certain in money on demand and is payable to order. LSA-R.S. 10:3-104. Being in possession of an instrument issued to its order, the Company is the holder of the note, LSA-R.S. 10:1-201 and has a right to enforce payment. LSA-R.S. 10:3-301.
Nature of the Obligation
The defendant argues that the note was an accessory or surety obligation to the debt owed to Manufacturers. Thus, he reasons that when the debt was forgiven, the accessory obligation was extinguished.
*550 We do not agree. Under the facts presented in this matter, it was the capital of the Company, evidenced by the notes and letters of credit, which was used as security for the loan to the Partnership. As previously stated the note represented Kubelka's obligation to the Company for payment of the stock he received. That obligation is separate and distinct from the Partnership's obligation to repay the loan to Manufacturers.
It was the Company, by use of its capital as collateral, who became the surety for the loan to the Partnership by Manufacturers. When Manufacturers forgave the balance of the debt on the principal obligation owed by the Partnership, the Company was released from its obligation as surety. The extinction of the principal obligation extinguishes the suretyship. LSA-C.C. art. 3059. That transaction in no way affected Kubelka's obligation on the promissory note to the Company for payment of the stock he purchased.
Jury trial
The defendant asserts that the trial court erred in denying his motion for a jury trial on the reconventional demand. Kubelka, as defendant and plaintiff in reconvention, timely filed a demand for a jury trial on August 13, 1986. That request was granted and contingent on the posting of a cash deposit in the amount of $633.00 thirty days prior to the date assigned for trial. Although that order is signed by the trial court, it is undated.
At a pre-trial conference on November 4, 1987 the court held that there was no right to a jury trial. On the same day defendant's counsel wrote a letter to the trial court requesting a reconsideration of that decision. Approximately seven months later, on June 1, 1988 the reconventional demand was tried together with the main demand by the trial court.
Because the order granting the jury trial is undated and Kubelka does not refer to it in brief, it is not clear whether the defendant waived his right to a jury trial by a failure to post the appropriate cash deposit. C.C.P. arts. 1734, 1734.1. There is no indication in the record that Kubelka is in compliance with this requirement. Even assuming arguendo that the defendant's motion was denied for other reasons subsequent to the granting of a jury trial we find no reversible error. When a defendant fails to raise any objection at the time of trial with regard to the lack of a jury, or seeks supervisory writs on the interlocutory order denying the jury trial and proceeds to present his case before the court, he waives his right to a jury trial. Babin v. Cole, 419 So.2d 1283 (La.App. 5 Cir. 1982), writs denied, 423 So.2d 1181 (La. 1982). We find that the defendant waived his right to a jury trial by his failure to seek supervisory writs and acquescing, without objection, to the court's action in hearing the case. Because of that finding we will not address the merits of Kubelka's right to a jury trial in this matter.
Reconventional Demand
Kubelka, as plaintiff in reconvention, made the assertion that the Company was indebted to him for unpaid salary. Kubelka contends that he was entitled to compensation in the amount of $60,000 per year for a period from January 1, 1981 through April 30, 1985 for services rendered to the Company as operations director.
The court declined to rule on the Company's exception of prescription to salary claims prior to July 22, 1983, finding such a ruling unnecessary since no proof of Kubelka claim was presented at trial. Kubelka assigns the dismissal of his reconventional demand as error.
Kubelka based his claim on a prospectus published by the Partnership listing remuneration of the directors of the general partner (the Company). The listing is as follows:

*551
 Salary
 Name Position Age (I)
Cliff Van Meter ...........President; Director 54 $240,000
R.A. Hoskin ...............Vice President; Director 49 $ 60,000
J.R. Kubelka ..............Vice President, Operations; Director 47 $ 60,000
Debra A. Darnell(2) .......Secretary and Treasurer 27 $ 36,000
 ________
 Total remuneration (4 persons)....................................... $396,000

He asserts that a contract of employment existed between the parties.
Evidence presented at trial revealed that Kubelka received no wages from the company in 1981; $17,548 in 1982; $10,400 in 1983; $6,800 in 1984; and $4,200 in 1985. In brief Kubelka conceeds that he was not due the total $60,000 per year but contends he is entitled to at least half.
Kubelka testified that at the time the Company was formed he was employed by Cliff Van Meter at Sea Drilling and he continued to be employed there after the formation of the Company. Tax returns introduced into evidence show that Kubelka received $67,250 from Sea Drilling in 1981; $63,900 in 1982; $58,240 in 1983; and $7,020 in 1984.
Kubelka testified that it was his understanding "when the rigs went to work we would get some salary," but denied that the agreement was that the officers would be paid based on a portion of the profits only. He further testified that he did not expect to receive $60,000 a year for five or ten years.
Cliff Van Meter testified in rebuttal that the prospectus was used as an attempt "to get other rigs to furnish management fees." He further testified that the agreement between the parties was that when money was available distributions would be made.
The trial court found Van Meter's testimony more credible and held that Kubelka presented no proof of any theory which would allow recovery.
This Court must give great weight to the factual conclusions of the trial court and is prohibited from substituting our own evaluations and inferences absent a manifestly erroneous finding on the part of the trial court. Leitz v. Wentzell, 461 So.2d 473 (La.App. 5 Cir.1984), writ denied, Salito v. Wentzell, 462 So.2d 1267 (La.1985).
Under the circumstances it is clear that Kubelka failed to prove his assertion that an employment contract existed between the parties which would entitle him to receive $60,000 per year for the years in question. Further, we find no manifest error in the trial court's finding that Kubelka is due no additional compensation for services rendered.
For the reasons assigned the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED