11 GAUDIN, Judge.
This is an appeal by Home Depot USA, Inc. from a district court judgment awarding $41,720.00 and $8,000.00 to two persons injured in a vehicular accident caused solely by the negligence of a Home Depot driver-employee. A bench trial was held on December 13, 1993 and the judgment signed the following day.
Appellant contends (1) that it was wrongly denied a trial by jury and (2) that the larger award, to plaintiff-appellee Mrs. Paula Zap-pala, was excessive.
For reasons following, we find that Home Depot waived its right to a jury trial and that the award to Mrs. Zappala, while perhaps on the high side, was supported by sufficient testimony and medical evident and was within the trial judge’s discretion.
The trial judge retroactively applied LSA-C.C.P. Art. 1732 (which in 1993 raised the jurisdictional amount needed for a jury trial from $20,000.00 to $50,000.00) to this case by granting a motion to strike the jury *1163 even though the instant accident and the filing of suit occurred before the effective date of the statutory change. This was inadvertent. The Supreme Court of Louisiana, in Cambridge Corner Corporation v. Menard, 2525 So.2d 527 (La.1988) has held that an amendment raising the jury trial jurisdictional amount was substantive in nature and was not to be applied retroactively.
It appears, however, from our examination of the complete record, that Home Depot waived its right to a jury trial (1) by not posting the court-ordered cash deposit timely, thereby running afoul of LSA-C.C.P. art. 1734.1 and with a companion rule of the 24th Judicial District Court, Civil Rule VII, Sec. 2; (2) by not asking for leave of court for permission to post the cash deposit after the deadline had passed; (3) by not objecting in open court when the trial judge granted the plaintiffs’ motion to strike the jury; and (4) by not seeking supervisory writs after the motion to strike was granted.
In Van Miller Drilling Co. v. Kubelka, 544 So.2d 547 (La.App. 5 Cir.1989), this Court said at page 550:
“When a defendant fails to raise any objection at the time of trial with regard to the lack of a jury, or seeks supervisory writs on the interlocutory order denying the jury trial and proceeds to present his ease before the court, he waives his right to a jury trial. Babin v. Cole, 419 So.2d 1283 (La.App. 5 Cir.1982), writs denied, 423 So.2d 1181 (La.1982). We find that the defendant waived his right to a jury trial by his failure to seek supervisory writs and acquiescing, without objection, to the court’s action in hearing the case.”
Home Depot says it was denied the right to seek writs. The record shows only that the trial judge denied a stay order.
This accident happened on August 30,1991 when a car driven by Robert Smith, with Mrs. Zappala in the right front seat, was struck by a 26-foot flatbed truck driven by a Home Depot employee. The truck negligently entered a favored roadway and caused the wreck.
| ¡¡Smith was awarded $8,009.00. Neither he nor Home Depot is now contesting this award. Mrs. Zappala was awarded $40,-000.00 in general damages and $1,720.00 for proven and accident-related medical expenses.
Mrs. Zappala had degenerative arthritis in both knees before this accident. This condition was aggravated; also, Mrs. Zappala sustained injuries to her neck, arms and ankles. Although the soft tissue problems lasted only six or seven months, the aggravation to Mrs. Zappala’s knees produced painful and lasting effects and caused a major change in her lifestyle, for which she was awarded $20,000.00. The trial judge said this about Mrs. Zappala:
“I found her to be a very good witness. I found her to be believable and, therefore, I accept much of what she has to say about her injuries, if not all of what she has to say. She did describe in court her degenerative arthritis in both of her knees. She described how she had learned to live with it. But she said she had never needed before this any cortisone. It was only after the accident that she had to have cortisone shows [sic]. She described, and I believe her one hundred percent, that the pain got worse after the accident. She described the different medications she had to take after the accident, including Darvocet. She said she never before had to walk with a cane ...
“She described her lifestyle changes, many of which I believe are directly attributable to this accident, that is, this lady says that she can’t cook, shop for groceries and do housework as she used to. She said she cannot do these things any more. She described how she used to have her children over for dinner. She can’t do that anymore. She can’t drive now. So while I |4have a lady that had a degenerative condition, she was making the best of it, as she said, and going through life as best she could.
“The difficult part of her ease is the part relating to the knees. In Louisiana, you take your victim as you find them. This lady was suffering from a pre-existing condition. It was aggravated by this accident. The defendant’s responsible for the degree of aggravation. What is the degree of *1164 aggravation is the question here. I’ve already noted many things that she suffers from now that she did not suffer from before. I’ve also noted without being unduly repetitive that I believe this lady’s lifestyle was dramatically changed by the accident.”
In addition to the sum awarded by aggravation of Mrs. Zappala’s knees and for a drastic change in lifestyle, she was given $10,000.00 for pain and suffering related to her elbow injuries and a like amount for pain and suffering connected to back injuries. The trial judge did not allow either a $24,-000.00 West Jefferson Hospital bill or a $7,600.00 medical bill owed to Dr. Arthur Kleinschmidt.
The trier of fact has much discretion in the assessment of general damages. Here, we see no manifest error.
We affirm, with Home Depot to bear costs of this appeal.
AFFIRMED.