721 So.2d 968 (1998)
Chief of Police, Earl GONGRE, Town of Montgomery, Plaintiff-Appellee,
v.
MAYOR AND BOARD OF ALDERMEN OF the TOWN OF MONTGOMERY, Defendants-Appellants.
No. 98-677.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
*969 Charles Raymond Whitehead, Jr., Natchitoches, for Chief of Police, Earl Gongre, Town of Montgomery.
William Preston Crews, Jr., Natchitoches, for Mayor & Bd. of Alderman of Town of Montgomery.
Before DECUIR, AMY and PICKETT, JJ.
AMY, Judge.
In a suit brought by the Chief of Police of Montgomery, Louisiana, against the mayor and aldermen of that town, the lower court ruled that public funds could be used for the payment of attorney's fees incurred during the suit. The mayor and aldermen filed a Motion for Reconsideration. Following a hearing, the lower court clarified the prior ruling indicating that the Town of Montgomery had to pay the attorney's fees of the chief of police. Both parties now appeal. For the following reasons, we reverse.

Factual and Procedural History
On February 10, 1997, the Chief of Police of Montgomery, Louisiana, Earl Gongre, filed a "Petition for Declaratory Judgment, Temporary Restraining Order, Mandatory and Prohibitory Injunctions and Other Incidental Relief." Named as defendants were the Mayor and Board of Aldermen of Montgomery. These individuals were named as defendants in their official capacities as elected officials of the town. The petition reveals that Chief Gongre alleged that the defendants, through various actions, were interfering with his capacity to operate the Police Department of Montgomery. According to the defendants' brief before this court, "[a]ll matters were subsequently compromised and settled, with the exception of who should pay the fees of the respective attorneys." These fees are at issue in the present matter.
Following settlement of the above-described action, the parties filed a "Joint Motion" with the lower court on March 13, 1997, wherein they requested of the court as follows: "WHEREFORE, movers jointly pray that this Honorable Court adjudicate the issue of whether or not public funds, Town of Montgomery, may be used to pay for the legal fees incurred by the plaintiff, as well as the defendants herein." In reasons for judgment rendered October 20, 1997, the lower court ruled that "[t]his Court has found no statute or jurisprudence forbidding the use of public funds to pay legal expenses in the above captioned matter." The court then went on to set attorney's fees for each of the parties' counsel.
On May 13, 1997, the defendants filed a Motion for Reconsideration of the October 1997 judgment. In that motion, the defendants alleged "that there is no provision ... authorizing the payment of legal fees for an attorney representing the plaintiff against defendants herein and it would be illegal and impermissible for the governing authority to make expenditures not expressly authorized by law." Furthermore, the defendants argue that the Town of Montgomery was not a named defendant and, therefore, that the municipality could not be cast in judgment. A hearing on the defendants' motion was held on January 5, 1997. At that hearing, the court heard from counsel for both parties and stated as follows in ruling from the bench:
I think, the Court does feel that it is unfair for one ... for one political arm to have an advantage over the other with the use of public funds. So I view that the ... the Police Chief, absent a win or a loss, understand what I'm saying, Gentlemen, since this was a settlement, if there had been a win or a loss I think the attorneys fees awards out of the public fund could have *970 been part of that award. But absent a win or a loss, I'm going to rule that the Chief of Police should be paid from the public funds as are ... as are you, Mr. Crews [counsel for the defendants].
As for the defendants' argument that the town could not be cast in judgment, the lower court concluded that "by suing the Mayor and Aldermen in their official capacity as Mayor and Alderman ... that's just as good as suing the Town of Montgomery itself...."[1]
The defendants appeal and assign as error both the conclusion that the Town of Montgomery is to pay the legal bills incurred Chief Gongre and, further, that the Town of Montgomery could be cast in judgment since only the mayor and aldermen were named as defendants. Furthermore, Chief Gongre has filed a timely answer to the appeal asserting that the trial court erred in failing to include the terms of the proposed settlement in the judgment.

Discussion
The defendants chiefly argue that the lower court erred in ordering the Town of Montgomery to pay the legal bills incurred by Chief Gongre. In brief, the defendants maintain that "[t]here simply exists ... no statutory authority to pay the legal fees of Mr. Gongre." Furthermore, the defendants note that "[a]t the time of the hearings herein, the Police Department, as well as the Town of Montgomery, was `broke[.]'" In opposition, Chief Gongre argues that the lower court did not enter a money judgment against the Town, but, rather, that the lower court simply declared that he could use budgeted police department funds to pay for the bills incurred in this matter.
The record indicates that the Town of Montgomery is a Lawrason Act municipality. See La.R.S. 33:321, et seq. Reference to statutory authority in this area indicates that "[t]he legislative powers of a municipality shall be vested in and exercised by the board of aldermen." La.R.S. 33:362(A). Furthermore, the mayor is the "chief executive officer of the municipality." La.R.S. 33:362(B). While operating within these positions, La. R.S. 33:386(C) provides for the payment of attorney's fees as follows:
The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
Thus, explicit provision is made whereby the mayor and board of aldermen may arrange for the payment of attorney's fees incurred in their capacity as municipal officers. No such clear provision, however, is provided with regard to the payment of attorney's fees incurred by the chief of police.
According to La.R.S. 33:462, expenditures within the municipality are made pursuant to appropriation: The statute provides the following:
All expenditures of money for any purpose whatever shall be in pursuance of a specific appropriation made by order and in no other manner and shall be made in accordance with the provisions of R.S. *971 38:2211 et seq. Every warrant drawn on the treasury shall express on its face to whom issued and for what purpose allowed; and the ordinance authorizing its issue shall be cited by minute book and page, in or upon it.
In Doyle v. City of Harahan, 610 So.2d 272, 273 (La.App. 5 Cir.1992), wherein a chief of police's expenditure of funds was at issue, the fifth circuit concluded as follows:
We hold that once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police. This is consistent with the Second Circuit's ruling, on other facts, in Cogswell v. Town of Logansport, 321 So.2d 774, 779 (La.App. 1975), that the chief of police has "the power to supervise the operation of the police department and assign its personnel and equipment...." He is in the best position to determine whether or not his department needs police cars or roof repairs, radio equipment or parking lots.
Reference to this case indicates that the City of Harahan had allocated $160,000.00 in unrestricted funds to the chief of police. Thus, the court concluded that once these unrestricted funds were allocated to the police department, the expenditure of these funds was left to the chief of police.[2] As revealed during argument before the lower court, this factor is not one that is present in the instant matter.
According to the argument of counsel before the lower court, Chief Gongre does not have an unrestricted budget. Rather, it appears that the chief of police submits a detailed budget to the board of aldermen and that, after approval, warrants are drawn pursuant to the budget. Further, although, according to counsel, $63,000.00 has been allocated for the police department budget, there is apparently no specific allocation for legal expenses.
In brief to this court, counsel for Chief Gongre argues that the lower court ruled that Chief Gongre could use funds from the police department budget for payment of his attorney's fees. Reference to both the oral argument before the trial court and the judgment rendered pursuant to that hearing reveal otherwise. While true that the trial court expressed his belief that Chief Gongre needs no special authorization to spend police department funds, reference to the entirety of the transcript reveals that the trial court ordered that the Town of Montgomery pay for the attorney's fees of each party. There is no further reference indicating that the judge ordered that Chief Gongre's attorney's fees be paid out of his budget. Further, the judgment indicates that the trial court found that "[i]t is unfair for the town to pay the legal bills of the Mayor and Board of Alderman and not the legal bills of the Police Chief, in the current dispute. Therefore, it is ordered that both legal bills are to be paid." There is no designation that Chief Gongre's attorney's fees should come from his own budget.
As we conclude that the trial court ordered that the attorney's fees be paid not from budgeted police department funds as urged by Chief Gongre, but by the Town of Montgomery, we must determine whether this order was proper. Article II, § 1 of the Louisiana Constitution provides that "[t]he power of government of the state are divided into three separate branches: legislative, executive, and judicial." Further, La. Const. art. II, § 2 provides: "Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others." Because we find violation of the constitutional requirement of separation of powers, we reverse the lower court's order.
In Baudoin v. Acadia Parish Police Jury, 96-1288, p. 4 (La.App. 3 Cir. 9/17/97); 702 So.2d 715, 717, a panel of this court concluded that a writ of mandamus could not be issued by a court to compel a city to appropriate funds and, in turn, use those funds to *972 satisfy a judgment against it. The court explained:
Boiled down, what the application for a writ of mandamus is really asking us to do is order the legislature to pass a law that will have the effect of making the Acadia Parish Police Jury appropriate the money to pay this judgment. Stated differently once more, the judicial branch of government is being asked to order the legislative branch of government to provide legislation that will result in a mandatory appropriation to pay this judgment....
In reaching this conclusion, the court cited Landry v. City of Erath, 628 So.2d 1178 (La.App. 3 Cir.1993), a prior third circuit opinion wherein this court addressed the defendant city's refusal to appropriate funds to pay a judgment. In Landry, 628 So.2d at 1180, the court observed that "[b]y ordering a legislative body to appropriate monies, we would be deeply entangling ourselves in a very serious separation of powers issue."
Although the instant matter did not stem from a writ of mandamus, the result would be the same. Namely, the lower court ordered the Town of Montgomery to allocate funds to pay for attorney's fees incurred by the Chief of Police. While the Town of Montgomery may be able to do so by its own initiative, and we are not called upon to address that issue here, we find that the lower court was constitutionally prohibited, in this instance, from ordering the local government to allocate funds for payment of such fees. As noted in Landry, 628 So.2d at 1180, "the decision of how to spend public monies is the very heart of the legislative function." Therefore, we conclude that the lower court erred by intruding upon the function of a different branch of government. The order of the lower court is reversed.
Due to our disposition of the foregoing, the parties' remaining assignments of error are moot.

DECREE
For the foregoing reasons, the order of the lower court is reversed. Pursuant to La.R.S. 13:5112(A), all costs of this proceeding are assigned to the plaintiff, Chief of Police, Earl Gongre, Town of Montgomery in the amount of $629.15.
REVERSED.
NOTES
[1] The judgment subsequently filed and signed in this regard indicates the lower court's ruling as follows:

This Court had to intervene in what was, essentially, a political fight between elected officials, namely the Chief of Police of Town of Montgomery, and the Mayor and Board of Aldermen of the Town of Montgomery. It is admirable that the parties cut short their fight, and came to an agreement. However, both sides incurred attorney's fees in conducting the people's business of the Town of Montgomery. Previously this Court ruled that the public officials in this matter could pay their attorney's fees out of public funds. Apparently, this was insufficient to resolve that dispute.
This Court now rules that one side, the side that controls the purse strings of the Town of Montgomery, may not use it's political power to gain an unfair advantage over the other. In other words, the Town of Montgomery may not choose it's Mayor and Aldermen over the Police Chief, simply because the Mayor and Aldermen have the authority to spend the town's money. It is unfair for the town to pay the legal bills of the Mayor and Board of Alderman and not the legal bills of the Police Chief, in the current dispute.
[2] We note that there are a number of Attorney General Opinions addressing the expenditure of funds by a chief of police. See Attorney General Opinions No. 97-203; No. 94-313; No. 93-666; No. 90-135; No. 86-589.