798 So.2d 67 (2001)
Dr. Roderick P. PERRON, M.D., Coroner
v.
EVANGELINE PARISH POLICE JURY, et al.
No. 2001-C-0603.
Supreme Court of Louisiana.
October 16, 2001.
*68 David L. Carriere, Opelousas, Counsel for Appellant.
Brent C. Coreil, District Attorney, Anthony L. Walker, Asst. District Attorney, Counsel for Respondent.
CALOGERO, Chief Justice.[*]
Under La.Rev.Stat. 33:1556(B)(1), should the attorney fee expenses incurred by a coroner in a mandamus action to compel the police jury's providing proper funding for his office be considered "necessary or unavoidable expenses ... incident to the operation and functioning of the office?" For the reasons that follow, we conclude that they should be so considered. We therefore reverse the court of appeal and order the Evangeline Parish *69 Police Jury to pay plaintiff reasonable attorney fee expenses incurred by him in pursuing this mandamus action.

I. Facts and Procedural History
This case has been in litigation for the past five years. Plaintiff, Dr. Roderick Perron, ran unopposed for the office of coroner in Evangeline Parish in 1995, after the coroner of seventeen years chose not to run for reelection. While he had been in office, the former coroner had used his personal medical facility and staff for operation of the coroner's office. He never formally submitted a budget to the police jury. Instead, the police jury and he had simply "worked it out." Generally, he received only $200.00 to $300.00 each month for operational expenses, in addition to his salary of $750.00 per month.
After his election, plaintiff began meeting with the parish police jury to establish a budget for the following fiscal year. He contended that the coroner's office had been, and was then, inadequately funded, and that an increase in funding was necessary in order for the coroner's office to function properly. The police jury rejected plaintiffs proposed budget, some $120,919.00, which was four times greater than the $30,000 the police jury budgeted for the operation of the office. Plaintiff spoke with the former district attorney for Evangeline Parish, who indicated that he would be unable to represent plaintiff in a lawsuit against the police jury, the filing of which he had under consideration. Three days after taking office, plaintiff filed a petition for mandamus to compel the police jury to appropriate the requested funds for the coroner's office. The newly-elected district attorney represented the police jury in these mandamus proceedings.
The district court stayed proceedings pending a ruling on a then unresolved appeal in Carriere v. St. Landry Parish Police Jury, 97-1914, 97-1937 (La.3/4/98), 707 So.2d 979, a similar case that had arisen in the adjoining parish of St. Landry. Applying Carriere, the district court in this case found in favor of the plaintiff and awarded him $38,519.00 in attorney fees, finding that they were necessary expenses for the proper operation and functioning of the coroner's office.[2] Because the attorney fee expenses were found necessary and unavoidable, the district court decided the police jury was responsible for the payment of these expenses under La.Rev.Stat. 33:1556(B)(1).[3]
The court of appeal reversed the district court's award of these attorney fee expenses. Relying on Carriere, the court of appeal reasoned that, although attorney fees may have been a necessary and unavoidable expense in this situation, they were not an "operational expense similar to office supplies, travel expenses, or education." Perron v. Evangeline Parish Police Jury, 00-1049, p. 20 (La.App. 3d Cir.1/31/01), 780 So.2d 515, 527 (emphasis added). Furthermore, relying on Gongre v. Mayor and Bd. of Aldermen of Town of Montgomery, 98-677 (La.App. 3d *70 Cir.10/28/98), 721 So.2d 968, writ denied, 98-2954 (La.1/29/99), 736 So.2d 834, the court of appeal determined that the doctrine of separation of powers prevented a court from ordering a local government to allocate funds in the absence of express statutory authority.
The court of appeal disagreed, however, with the police jury's argument that, under La.Rev.Stat. 42:261(A) and La.Rev.Stat. 42:263(A), plaintiff, as a state officer, was entitled to free representation from the attorney general's office and was required to get approval from the attorney general's office to use private counsel.[4] The court of appeal found that the police jury's reliance on these statutes was misplaced. The court reasoned that the statutes place a pre-approval requirement only upon parish governing authorities and local or state boards, whereas the office of coroner is neither a parish governing authority nor a local or state board, but rather a member of the judicial branch of government.[5] The court of appeal also rejected the police jury's argument that plaintiff was not entitled to attorney fee expenses associated with the mandamus action because he failed to include a request for such funds in a budget submitted to the police jury as required by the Louisiana Local Government Budget Act, La.Rev.Stat. 39:1305 et seq.[6]

II. Discussion
La.Rev.Stat. 33:1556(B)(1) provides that "[a]ll necessary or unavoidable expenses, *71 including supplies, incident to the operation and functioning of the coroner's office shall be paid by the parish when such expenses are certified by the coroner as being necessary or unavoidable." As the lower courts recognized, this court recently had the opportunity to examine this statute in Carriere v. St. Landry Parish Police Jury, supra. In that case, plaintiff Carriere, an attorney who was not a medical doctor, ran for and was elected to the coroner's office in St. Landry Parish when serious funding problems for the office apparently dissuaded any physicians from qualifying to run for the office.[7] Mr. Carriere believed that it would take a lawsuit to compel the police jury to fund the office adequately. Upon taking office, he submitted to the police jury a budget request of $227,190.00, which included his salary, health insurance and retirement benefits, and salaries for a chief deputy coroner, a secretary, an investigator, a photographer, and a licensed practical nurse. He also asked the police jury to provide him with office space and funds for office supplies and equipment. After the police jury rejected the proposed budget, Mr. Carriere filed a mandamus action.
This court in Carriere recognized that the legislature determines the duties of state officials such as coroners, and delegates some of the responsibility for funding the coroner's office to parish governing bodies. Carriere, p. 4, 707 So.2d at 983. When the legislature places the burden of paying salaries or other expenses of a state official on parish governing authorities, those bodies are generally obliged to pay these mandated expenses. Carriere, pp. 4-5, 707 So.2d at 981 (citing Reed v. Washington Parish Police Jury, 518 So.2d 1044, 1049 (La.1988)).
In Carriere, this court was called upon to determine which coroner's expenses must be paid by the parish governing authority under La.Rev.Stat. 33:1556(B)(1). As noted above, that statute requires the parish governing authority to pay "[a]ll necessary or unavoidable expenses ... incident to the operation and functioning of the coroner's office ... when such expenses are certified by the coroner as being necessary or unavoidable." In addressing the defendant parish's complaint that many of the items requested by the plaintiff either were not legitimate or were unreasonable in amount, we found that the parish governing authority's duty to fund the coroner's expenses is limited by a standard of reasonableness. Carriere, 707 So.2d at 981 (citing Reed, 518 So.2d at 1049). We said that, to be payable by the parish governing authority, the coroner's expenses "must be (1) legitimately related to the function of his office, and (2) ... reasonable in amount." Id.
In applying this test to the coroner's proposed budget items in Carriere, we deemed the following contested items "reasonable `necessary or unavoidable' operational expenses" of the coroner's office: accounting charges, banking expenses, liability and malpractice insurance, communication expenses, as well as office, computer, and medical supplies.[8]Carriere, p. 13, *72 707 So.2d at 985. We also recognized that the coroner is entitled to funding for office space, office equipment, utilities, and janitorial services, as necessary or unavoidable operational expenses of his office, if the parish governing authority does not elect to provide quarters and essential supplies and equipment for the office or morgue. Id., p. 13-14, 707 So.2d at 986 (citing La. Rev.Stat. 33:1556(B)(2)).
Applying both La.Rev.Stat. 33:1556(B)(1) and Carriere to the present case, we find that the court of appeal erred in excluding plaintiff's attorney fee expenses as reasonable "necessary or unavoidable expenses ... incident to the operation and functioning of the coroner's office." La.Rev.Stat. 33:1556(B)(1). The court of appeal found that the attorney fees did not fall within 33:1556(B)(1) because attorney fees are not "operational expenses similar to office supplies, travel expenses, or education," Perron, 00-1049, p. 19-20, 780 So.2d at 527, the latter a reference presumably to the language used by this court in Carriere, i.e., that payable expenses must be "reasonable `necessary or unavoidable operational expenses.'" Carriere, p. 13, 707 So.2d at 985 (emphasis supplied). In light of the statute's language, however, we do not read our prior decision in so limited a fashion. The statute's reference to "necessary or unavoidable expenses ... incident to the operation and functioning of the coroner's office" surely encompasses funding for the legal means of securing adequate funds with which to operate the coroner's office and keep it functioning. Prior to bringing the mandamus action, reasonably adequate funding had not been made available to the coroner by the police jury. As illustrated by plaintiffs success in his mandamus action, attorney fees were both necessary and unavoidable expenses required to compel the police jury to provide such funding. As a result, the attorney fees in this case are legitimately related to the functioning of the coroner's office and reasonably fall within the scope of La.Rev.Stat. 33:1556(B)(1).[9]
Plaintiff states that he is seeking all attorney fee expenses incurred as a result of his position as coroner, not just those associated with the mandamus action. In his brief, he classifies the attorney fee expenses into five separate categories: 1) Expenses relating to this mandamus action; 2) Expenses for general legal advice relating to death investigations; 3) Expenses for legal work in appearing before the state senate subcommittee regarding coroner legislation; 4) Consultation with another attorney relating to the defense of criminal charges against him;[10] and 5) Legal services provided during the appeal of this mandamus action. Plaintiff, however, did not request in his petition for mandamus legal expenses other than those associated with the filing and prosecution of the mandamus action. Consequently, we need not consider whether the unrelated *73 legal expenses are payable under La.Rev. Stat. 33:1556(B)(1). Accordingly, on remand, the district court should address only those attorney fee expenses that have been incurred as a result of this mandamus action, including the fees incurred for appellate work.
The parish police jury cites an Attorney General opinion, No. 96-95, in support of its position that plaintiff cannot recover attorney fees because he failed to comply with La.Rev.Stat. 42:263, which requires approval by the attorney general before a parish governing authority or local or state board may retain counsel other than the district attorney. However, even that opinion does not support the police jury's position, because it states that the parish governing authority, rather than the coroner, must comply with the pre-approval requirement in 42:263 if the governing authority decides to employ "selected counsel" when the district attorney cannot represent the coroner's office because of a conflict of interest.
In the instant case, the former district attorney, Mr. Pucheu, indicated prior to plaintiff's taking office that he, the district attorney, would be unable to represent plaintiff in a mandamus action against the police jury. The current district attorney, Mr. Coreil, declined to participate in any budget negotiations between the coroner's office and the police jury, but he later entered the process as the police jury's counsel after the coroner filed his mandamus action. Because of the adversarial relationship between the coroner's office and the police jury, and the obvious need for the coroner to have counsel other than the district attorney, we do not find that the police jury's failure to seek approval from the attorney general's office to hire private counsel for the coroner should prohibit the coroner from collecting reasonable attorney fee expenses.[11]
Under the particular facts of this case, we do not find that an order directing the police jury to appropriate funds for the coroner's attorney fee expenses violates the doctrine of separation of powers. In concluding that it was prohibited from awarding attorney fee expenses to plaintiff, the court of appeal cited Gongre v. Mayor and Bd. of Aldermen of Town of Montgomery, 98-677 (La.App. 3d Cir.10/28/98), 721 So.2d 968, writ denied, 98-2954 (La.1/29/99), 736 So.2d 834, and Landry v. City of Erath, 628 So.2d 1178 (La.App. 3d Cir.1993), writ denied, 94-0275 (La.3/25/94), 635 So.2d 235, each of these cases finding a violation of the separation of powers doctrine when a court orders a governing body to appropriate money when there is no statutory duty to do so. In Carriere, 707 So.2d at 982, this court did recognize the separation of powers principle, which limits a court's power to place the responsibility of funding state officials on parishes unless a clear legislative mandate exists compelling such funding. While cognizant of this principle, we nonetheless conclude that the legislature has determined that attorney fee expenses incurred by the coroner's office, so long as they are "necessary or unavoidable expenses... incident to the operation and functioning of the coroner's office," are payable by the parish police jury. La.Rev. Stat. 33:1556(B)(1). In finding that the legislature has mandated the parish to pay these expenses, we are simply interpreting and enforcing this statute, not legislating a judicial solution. Thus, we discern no violation of the doctrine of separation of powers.
*74 We are mindful of the jurisprudence holding that attorney fees are not recoverable unless expressly provided for by statute or contract. See, e.g., Quealy v. Paine, Webber, Jackson, & Curtis, Inc., 475 So.2d 756, 763 (La.1985); Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. However, this principle presents no impediment to plaintiff's recovery of attorney fees in this case, for two reasons. First, we are relying upon a reasonable interpretation of a particular statute. Second, this is not a run-of-the-mill legal contest in which a successful plaintiff is seeking recovery from his opponent of legal costs and lawyers' fees for resorting to litigation to enforce given legal rights. Rather, it is a substantive claim to compel this governing authority, having an obligation to fund a state officer, to appropriate or provide funding for a legal contest that bears upon the officer's very right to perform his mission in a reasonably effective manner.
As we stated in Carriere, the parish police jury must pay only those expenses that are reasonable in amount. Carriere, p. 4, 707 So.2d at 981 (citing Reed, 518 So.2d at 1049). On remand, the district court should determine a reasonable amount representing only the attorney fee expenses that plaintiff incurred in connection with this mandamus action, including those incurred on appeal. The district court, if it has not already done so, may consider the reasonableness of the attorney's hourly rates, as well as the reasonableness and necessity of the hours spent and the costs incurred as a result of the mandamus action. Although the Attorney General's Maximum Hourly Fee Schedule is not controlling in this case, the district court may, if he chooses, consider that schedule in determining the reasonableness of attorney fees.
Finally, the police jury contends the district court's last judgment was rendered against the police jury as a political body as well as against the jury's individual members. La.Rev.Stat. 9:2792.4 prohibits individual liability for any act or omission of a member of a board while exercising his duties, provided he acted in good faith, and any damage he caused was not the result of his willful or wanton misconduct.[12] The district court made no such findings that there was willful or wanton misconduct on the part of the individual police juries. Accordingly, we do not read the judgment as imposing personal liability for the attorney fee expenses on the individual jurors.

DECREE
For the reasons assigned above, we reverse the court of appeal's findings regarding plaintiff's entitlement to attorney fee expenses under La.Rev.Stat. 33:1556(B)(1). We remand the case to the district court and order that court to determine a reasonable amount representing the attorney fee expenses plaintiff incurred by prosecuting this mandamus action, including those expenses incurred on appeal.
REVERSED AND REMANDED.
VICTORY, J., dissents and assigns reasons.
*75 VICTORY, J., dissenting.[*]
For at least fifty years, Louisiana jurisprudence has established the settled rule that attorneys' fees are not recoverable by a successful litigant unless expressly authorized by statute or by a contract between the parties. See, e.g., Huddleston v. Bossier Bank & Trust Co., 475 So.2d 1082 (La.1985); Quealy v. Paine, Webber Jackson & Curtis, Inc., 475 So.2d 756 (La. 1985); Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1958). The statute that plaintiff relies upon in this case requires the Parish of Evangeline to pay expenses "incident to the operation or functioning of the coroner's office." Nowhere in the statute is there any express authorization for a grant of attorneys' fees to a plaintiff coroner who sues to enforce its provisions. While the majority takes the position that it would be unfair to require the coroner to absorb the attorneys' fees spent to prosecute his case, all successful plaintiffs undoubtedly share the same belief that it is unfair to require them to shoulder the fees of their attorneys when their complaints have been found to be justified.
The legislature knows full well how to provide expressly for the payment of attorneys' fees when it intends that such fees be recoverable by a successful plaintiff. The legislature has explicitly provided by statute, for example, that a plaintiff who successfully prosecutes a mandamus action for the release of public records has a right to recover attorneys' fees. La. R.S. 44:35D. It is particularly noteworthy that the legislature has enacted a statute expressly authorizing public officials and public entities to collect attorneys' fees expended in their defense when a claim is prosecuted unsuccessfully against them. La. R.S. 42:261(E). However, it is conceded by the majority, that the legislature has made no similar express provision to address attorneys' fees incurred in the prosecution of a claim by a public official. It is axiomatic that the legislature is presumed to act with deliberation and full knowledge of related legislation and established jurisprudence. New Orleans Rosenbush Claims Service, Inc., v. City of New Orleans, 94-2223 La. 4/10/95, 653 So.2d 538), 653 So.2d 538.
In view of the long line of jurisprudence prohibiting an award of attorneys' fees in the absence of an express statutory authorization, the majority clearly errs in supplying an "interpretation" of the statute rather than following a well settled rule that the legislature has declined to alter for over half a century. Any concern that equity requires a different result should be addressed to the legislature, the body constitutionally entrusted with responsibility to expressly provide for the imposition of attorneys' fees by statute where it, in its sound discretion, deems it appropriate to do so.
Accordingly, I respectfully dissent.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.
[2] The district court examined plaintiff's request for attorney fees, consisting of two separate bills submitted by counsel, and determined that $38,519.00 of two billed sums in attorney fees should be paid by the parish police jury. The district court excluded $2,999.60 of the requested attorney fees, because they did not relate to this litigation. The district court also awarded plaintiff unpaid salary during his term, salaries for ancillary personnel, plaintiff's personal expenses, and his transportation expenses. The latter awards were not the subject of our writ grant.
[3] In La.Rev.Stat. 33:1556, entitled "Fees for coroner's service," section (B)(1) provides:

All necessary or unavoidable expenses, including supplies, incident to the operation and functioning of the coroner's office shall be paid by the parish when such expenses are certified by the coroner as being necessary or unavoidable.
[4] La.Rev.Stat. 42:261(A), prior to its amendment by Acts 1999, No. 384, § 1, provided as follows:

Except as provided by subsection C of this section or as otherwise provided by law, the attorney general for the parish of Orleans and the district attorneys of the several judicial districts other than the parish of Orleans, shall ex officio and without extra compensation, general or special, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except the state boards and commissions domiciled at the city of Baton Rouge, and all boards in charge or in control of state institutions.
La.Rev.Stat. 42:263(A) provides as follows:
No parish governing authority, levee board except as provided in Subsection B hereof, parish school board, city school board, or other local or state board shall retain or employ any special attorney or counsel to represent it in any special matter or pay any special attorney or counsel to represent it in any special matter or pay any compensation for any legal services whatever unless a real necessity exists, made to appear by a resolution thereof stating fully the reasons for the action and the compensation to be paid. The resolution then shall be subject to the approval of the attorney general and, if approved by him, shall be spread upon the minutes of the body and published in the official journal of the parish.
[5] The court of appeal cited our decision in Carriere, which noted that "[c]oroners are members of the judicial branch of government, and although their jurisdiction is limited to the parish in which they hold office, coroners are state officials who perform state functions." Carriere, 97-1914, p. 4, 707 So.2d at 981.
[6] The police jury's argument suggests that legal expenses to secure a reasonable budget appropriation should have been anticipated and included in the coroner's first budget request, the denial of which is the subject of this litigation. It does not seem reasonable, however, to require a state official to include estimated legal expenses in a budget he submits to a parish governing authority when the legal expenses will arise only thereafter as a result of the governing authority's possible failure to provide a public office with sufficient funding. Notwithstanding, the coroner did signal his desire to be reimbursed for legal expenses associated with the filing and prosecution of the mandamus action in paragraph 14 of his petition in this case.
[7] The requirement that a coroner be a physician licensed by the state board of medical examiners shall be waived when no licensed physician qualifies to run for the office. La. Rev.Stat. 33:1554.
[8] Because the coroner in Carriere was compensated on a fee-basis rather than by a fixed salary, we excluded as "reasonable `necessary or unavoidable' operational expenses of the coroner's office," salaries and benefits for ancillary personnel. As a fee-basis coroner, the coroner in Carriere was responsible for paying the salaries of employees of the coroner's office. Carriere, p. 10, 707 So.2d at 984 (citing La.Rev.Stat. 33:1555). Although the police jury there could have elected to pay these salaries under La.Rev.Stat. 33:1556(F), it was not statutorily required to do so.
[9] We note that, in determining what expense would be both necessary or unavoidable and "incident to the operation and functioning of the coroner's office," we stated in Carriere that an expense payable pursuant to 33:1556(B)(1) must be "legitimately related to the function of [the coroner's] office." Id., p. 12, 707 So.2d at 985. We found that accounting services, the expenses for which were in contest in that case, were legitimately related to the functioning of the coroner's office. Accordingly, we did not restrict covered expenses simply to "office supplies, travel expenses, or education."
[10] The district court excluded from reimbursement these expenses, which were incurred because of unrelated criminal indictments brought against Dr. Perron by the district attorney. The indictments were later dismissed.
[11] At any rate, La.Rev.Stat. 42:264 permits retroactive approval from the attorney general when a party's failure to obtain prior approval was inadvertent and in good faith.
[12] La.Rev.Stat. 9:2792.4, entitled "Limitation of liability of members of boards, commissions, or authorities of political subdivisions," provides in pertinent part:

B. A person who serves as a member of a board, commission, or authority of a political subdivision as defined in Subsection A, shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission, or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.