hGREMILLION, J.
The plaintiff, Russell Pavich, M.D. Coroner, sought a writ of certiorari and/or review from the supreme court on the issue of whether the St. Landry Parish Police Jury should have to pay attorney’s fees he had certified as necessary, unavoidable, and reasonable expenses of his office. The supreme court granted the writ and remanded the matter to us for reconsideration in light of Perron v. Evangeline Parish Police Jury, 01-0603 (La.10/16/01), 798 So.2d 67. After reviewing Perron, we find that the Police Jury is responsible for paying those attorney’s fees which are legitimately related to the functioning of the coroner’s office and which reasonably fall within the scope of La.R.S. 33:1556(B)(1).
PERRON
In Perron, a case very similar to the one at issue, the newly elected coroner for the Parish of Evangeline filed a petition for a writ of mandamus to compel the Evangeline Parish Police Jury to appropriate funds to run the coroner’s office. Proceedings in the matter were stayed pending an appeal in Carriere v. St. Landry Parish Police Jury, 97-1914, 97-1937 (La.3/4/98), 707 So.2d 979. Following the supreme court’s opinion in Carriere, the trial court held in favor of Perron and awarded him $38,519 in attorney’s fees, which it held were necessary and unavoidable expenses of the coroner’s office pursuant to La.R.S. 33:1556(B)(1).
On appeal, this court reversed the trial court’s finding regarding the attorney’s fees, holding that they did not fall under the purview of La.R.S. 33:1556(B)(1), because they did not qualify as an “operational expense similar to office supplies, travel expenses, or education.” Perron, 00-1049, p. 20 (La.App. 3 Cir. 1/31/00), 780 So.2d 515, 527. We further held that, in the absence of any statutory authority ordering the payment of attorney’s fees, it would be a violation of the constitutional requirement of separation of powers for the trial court to order the Police Jury to pay these expenses.
The supreme court reversed our finding, holding that its decision in Carriere should not be interpreted so strictly in light of the language of La.R.S. 33:1556(B)(1). The court held:
The statute’s reference to “necessary or unavoidable expenses ... incident to the operation and functioning of the coroner’s office” surely encompasses funding for the legal means of securing adequate funds with which to operate the coroner’s office and keep it functioning. Pri- or to bringing the mandamus action, reasonably adequate funding had not been made available to the coroner by the police jury. As illustrated by plaintiffs success in his mandamus action, *911 attorney fees were both necessary and unavoidable expenses required to compel the police jury to provide such funding. As a result, the attorney fees in this case are legitimately related to the functioning of the coroner’s office and reasonably fall within the scope of La. Rev.Stat. 33:1556(B)(1).
Id. at 72 (footnote omitted).
Although Perron asked for five different categories of legal fees, the court held that he was limited to the recovery of those attorney’s fees related to his mandamus action, since his petition only sought expenses related to that action. The court went on to state:
As we stated in Ocurriere, the parish police jury must pay only those expenses that are reasonable in amount. Carri-ere, p. 4, 707 So.2d at 981 (citing Reed, 518 So.2d at 1049). On remand, the district court should determine a reasonable amount representing only the attorney fee expenses that plaintiff incurred in connection with this mandamus action, including those incurred on appeal. The district court, if it has not already done so, may consider the reasonableness of the attorney’s hourly rates, as well as the reasonableness and necessity of the hours spent and the costs incurred as a result of the mandamus action. Although the Attorney General’s Maximum Hourly Fee Schedule is not | .gcontrolling in this case, the district court may, if he chooses, consider that schedule in determining the reasonableness of attorney fees.
Id. at 74.
Accordingly, we find that Pavich is entitled to recover those attorney’s fees which are certified as being necessary or unavoidable expenses, including those expenses used to secure “adequate funds with which to operate the coroner’s office and keep it functioning.” Id. at 72.
Pavich has provided us with a thirty page detailed billing statement, which totals $70,164.32 in attorney’s fees and expenses. We have reviewed this statement and are unable to determine which fees are necessary and unavoidable expenses that legitimately relate to the functioning of the coroner’s office and fall within the scope of La.R.S. 33:1556(B)(1), as contemplated by the supreme court in Perron.
Therefore, we remand this matter to the trial court and order that it set attorney’s fees in accordance with the supreme court’s decision in Perron, 798 So.2d 67.
REMANDED WITH INSTRUCTIONS.