846 So.2d 945 (2003)
Alveniz CORTES and Julio Cesar Cortes, Individually and on Behalf of Their Minor Child, Darby Cortes, and Alveniz Cortes as Administratrix of the Estate of Julio Cesar Cortes
v.
Phillip M. LYNCH, Jr.
No. 2002 CA 1498.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
Rehearing Denied June 13, 2003.
*947 Mary Grace Knapp, Mandeville, Counsel for Plaintiffs-Appellants.
Thomas Keiffer, Sr., Covington, Counsel for Defendant-Appellee.
Before: PARRO, MCDONALD, and CLAIBORNE,[1] JJ.
CLAIBORNE, Judge Pro Tem.
In this legal malpractice action, the plaintiffs appeal the granting of defendant's motion for summary judgment upon a finding of no remaining genuine issues of material fact. For the following reasons, we affirm.

FACTS
On August 19, 1995, Julio Cesar Cortes was struck by an automobile and suffered severe brain damage. On August 25, 1995, Julio's wife, Alvenis, individually and on behalf of Julio and their minor child, Darby, entered into a contract with Phillip M. Lynch, Jr., for Lynch to provide legal representation for the Corteses. The contract provided a sliding fee scale. Lynch engaged Irving J. Warshauer to assist in the representation. Suit was filed against several defendants. On September 6, 1996, a settlement was reached with the driver's insurer. In May 1999, during settlement negotiations with the last remaining defendant, *948 Lynch and Warshauer agreed to reduce their fee for settlement with the remaining defendant. On June 6, 1999, the Corteses terminated Lynch and identified Mary Grace Knapp as their attorney. The Corteses eventually settled with the last defendant.
On September 7, 1999, the Corteses filed the instant legal malpractice action against Lynch. Plaintiffs' petition alleged Lynch "deviated from acceptable legal standards," which constituted "negligence and malpractice," by: (1) releasing a viable defendant after little or no investigation; (2) charging plaintiffs more than the agreed-to fee; (3) failing to take adequate measures to deal with the difficulties incidental to Julio's disability; (4) refusing to return phone calls; (5) refusing to participate in depositions; (6) having inappropriate contact with plaintiffs after Lynch's discharge; and (7) attempting to intimidate plaintiffs and threatening to increase the fee through coercion. Plaintiffs' petition also alleged "said damages are in an amount greater than that required for a trial by jury."
A supplemental petition received by the trial court on November 24, 1999, alleged Lynch overcharged plaintiffs and breached the contract. Plaintiffs were granted leave of court to file their supplemental petition on November 30, 1999. On December 7, 1999, plaintiffs filed a motion for a trial by jury, which the trial court denied as untimely on December 16, 1999.
Lynch filed a peremptory exception raising the objections of, prescription, no right of action, and no cause of action. By judgment rendered on December 14, 1999, the trial court sustained Lynch's exception raising the objection of "insofar as all of plaintiffs' alleged claims pertaining to the September 1996 settlements in question are concerned." The trial court also sustained the exception raising the objection of no cause of action, ordering plaintiffs "to amend their pleadings and allege with specificity and particularity as to time and place any remaining claims within thirty (30) days."
On December 22, 1999, plaintiffs filed a petition for suspensive appeal of the December 14, 1999 judgment, with an attached order of appeal. However, the trial court modified the order to grant leave of court to take "supervisory writs," noting the language of La. C.C.P. art. 1915 B(1). The writ was denied. Cortes v. Lynch, XXXX-XXXX (La.App. 1st Cir.4/7/00) (unpublished writ action).
On February 14, 2000, plaintiffs filed a second supplemental petition, expressly striking all prior claims. Plaintiffs then asserted Lynch was not entitled to any portion of the funds obtained from the final settlement, or that Lynch was limited to a fee based on quantum meruit. In addition, plaintiffs alleged a claim of intentional infliction of extreme emotional distress based on Lynch's actions of: (1) attempting to intimidate plaintiffs; (2) causing severe mental anguish by inappropriate contact after being discharged; and (3) conveying threats to sue plaintiffs. Plaintiffs expressly reserved their right to challenge the constitutionality of La. R.S. 9:5605, the statute providing for a one-year and a three-year peremptive period for all legal malpractice actions.
Lynch then filed a motion for summary judgment and, in the alternative, an exception raising the objection of no cause of action. Lynch contended there was an absence of factual support for the elements essential to plaintiffs' claim of intentional infliction of emotional distress. Plaintiffs filed a memorandum in opposition, asserting Lynch's threats to force the Corteses into bankruptcy, have Julio arrested, and seize the Corteses' home were outrageous, *949 and thereby met the burden of proof required of their claim.
On August 15, 2000, the trial court granted Lynch's motion for summary judgment, dismissing plaintiffs' claims of intentional infliction of emotional distress. Thereafter, Lynch filed another motion for summary judgment, asserting there remained no genuine issues of material fact relative to any of the plaintiffs' complaints. In support, Lynch offered a copy of the contract, Warshauer's engagement letter, documents pertaining to the 1996 settlement, various related pleadings filed by Lynch in this matter, correspondence referencing negotiations between plaintiffs and the final defendant, portions of the depositions of Lucio Cano, Alvenis Cortes and Alberto Suarez, Lynch's intervention asserting an attorney's lien, the final settlement documents, the affidavits of Warshauer and Lynch, and the December 14, 1999 and the August 15, 2000 judgments. In opposition, plaintiffs filed a memorandum.
On December 12, 2001, the trial court granted the motion for summary judgment and dismissed all of the remaining claims at plaintiffs' costs. Plaintiffs appeal, asserting the trial court erred in: (1) granting the exception raising the objection of; (2) denying plaintiffs' request for a jury trial; (3) granting the motion for summary judgment dismissing plaintiffs' claim for intentional infliction of emotional distress; (4) granting the motion for summary judgment dismissing plaintiffs' remaining claims; (5) failing to recuse itself; and (6) the assessment of costs. Lynch answered the appeal, seeking an award of attorney fees for frivolous appeal.

DISCUSSION
Initially, we consider Lynch's assertion that some of the issues raised by plaintiffs' appeal are not properly before the court. In particular, Lynch asserts the issues of the trial court's sustaining Lynch's exception raising the objection of peremption and the granting of Lynch's motion for summary judgment dismissing plaintiffs' claim of intentional infliction of emotional distress were not timely appealed by the plaintiffs when rendered. Therefore, Lynch asserts plaintiffs may not raise these issues now.
La. C.C.P. art. 1915 B provides that a judgment dismissing less than all of the claims shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that no just reason for delay exists.[2] The trial court's rulings on Lynch's peremptory exception and motion for summary judgment concerning plaintiffs' claim of intentional infliction of emotional distress dismissed less than all of plaintiffs' claims; however, the rulings did not include a designation as final judgments. The trial court recognized this in its designation of plaintiffs' order for appeal of the peremptory exception ruling as a grant of leave to seek supervisory writs. However, while the plaintiffs did not have the right to an immediate appeal without designation of the judgment as final, they did not lose their right to appeal after final judgment was rendered adjudicating all of their claims, demands, issues, and theories of the case. See Audubon Institute, Inc. v. Chambers, XXXX-XXXX, p. 3 (La.App. 4th Cir.10/16/02), 830 So.2d 1055, 1057. Therefore, we will consider the arguments advanced by plaintiffs concerning these rulings.

Peremption
La. R.S. 9:5605 provides, in pertinent part,
*950 A. No action for damages against any attorney ... shall be brought unless filed ... within one year from the date of the alleged act ... or within one year from the date that the alleged act ... is discovered or should have been discovered; however ... in all events such actions shall be filed at the latest within three years from the date of the alleged act.
B. ...The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive ... and may not be renounced, interrupted, or suspended.

* * *
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud.
Lynch filed a peremptory exception raising the objection of peremption. The trial court sustained the exception pertaining to the September 6, 1996 settlement. Plaintiffs contend that the trial court erred in dismissing their allegations as perempted, as they have alleged sufficient allegations to constitute fraud and are, therefore, not subject to the one-year or three-year peremptive periods.
Fraud involves a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. See La. C.C. art.1953. Fraud cannot be predicated on mistake or negligence, no matter how gross. Fraudulent intent, which constitutes the intent to deceive, is a necessary element of fraud. Whitehead v. American Coachworks, Inc., XXXX-XXXX, p. 6 (La.App. 1st Cir.12/20/02), 837 So.2d 678, 682.
Plaintiffs' original petition specifically asserts negligence and malpractice by Lynch. Plaintiffs contend Lynch released a viable defendant, overcharged plaintiffs, refused to return phone calls or participate in depositions, had inappropriate contact with plaintiffs, and attempted to intimidate and threaten plaintiffs. Plaintiffs' first supplemental petition asserts Lynch breached the contract. Plaintiffs' second supplemental petition expressly struck the allegations contained in the first two petitions and asserted that Lynch had not obtained the settlement reached with the final defendant and was not, therefore, entitled to any portion of the final settlement. In addition, it alleges Lynch had caused intentional infliction of extreme emotional distress by intimidating and threatening plaintiffs and improperly contacting plaintiffs.
None of the allegations raised by plaintiffs are sufficient to allege fraud pursuant to La. C.C. art.1953. Plaintiffs have not alleged a misrepresentation or suppression of the truth with an intention by Lynch either to obtain an unjust advantage or to cause a loss or inconvenience. Therefore, plaintiffs' argument against the application of peremption fails. This assignment is without merit.

Intentional Infliction of Emotional Distress
Plaintiffs assert the trial court erred in granting Lynch's motion for summary judgment striking plaintiffs' claim of intentional infliction of emotional distress. Lynch's motion for summary judgment contended plaintiffs could not meet their burden of proving intentional infliction of emotional distress. In opposition, plaintiffs asserted their petition set forth well-founded allegations against Lynch, establishing all the elements for a cause of action of intentional infliction of emotional distress.
Appellate courts review summary judgments de novo under the same criteria *951 that govern the district court's consideration of whether a summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no material factual dispute. Sanders, 696 So.2d at 1034. It should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
Under La. C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the issue before the court on the motion for summary judgment is not one on which the mover will bear the burden of proof at trial, and the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Dreisel v. Metropolitan Prop. & Cas. Ins. Co., 01-2705 (La.App. 1st Cir.12/20/02), 836 So.2d 347, 349, writ denied, 03-0199 (La.3/28/03), 840 So.2d 575. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Sanders, 696 So.2d at 1035.
A plaintiff attempting to recover damages for intentional infliction of emotional distress must establish three elements: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto Co., 585 So.2d 1205, 1209 (La.1991).
The basis for the tort of the intentional infliction of emotional distress in Louisiana is La. C.C. art. 2315. The conduct must be intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like. White, 585 So.2d at 1210. Liability does not attach where the actor has done no more than to insist upon his legal rights in a permissible way, even though he is aware that such insistence is certain to cause emotional stress. Moreover, the distress suffered must be such that no reasonable person could be expected to endure it. Liability arises only where the mental suffering or anguish is extreme. White, 585 So.2d at 1210.
Plaintiffs' second supplemental petition alleges intentional infliction of extreme emotional distress in that:
A) Lynch attempted to intimidate [plaintiffs] after [Lynch's] discharge by threatening to improperly increase his legal fee from thirty-three and one third (33 1/3%) percent to forty (40%) percent as evidenced by Lynch's letter dated July 9, 1999, a copy of which is attached hereto, [c]ausing [plaintiffs] worry, fear and distress and diminishing their faith in current counsel.
B) Lynch caused severe mental anguish and distress to [plaintiffs] by inappropriate contact with [plaintiffs] after Lynch was discharged as their counsel of record;

*952 and by Lynch reprehensibly conveying threats to [plaintiffs] to sue them in January 2000, force them into bankruptcy if they continued on with the current litigation, have [plaintiffs] arrested, and threatening to seize and sell [plaintiffs'] home, all of which resulted in severe emotional trauma, worry and insult.
C) [Plaintiffs] aver that damages in relation to intentional infliction of emotional distress exceed the requisite amount for trial by jury.
The trial court, in oral reasons, stated, "None of the instances offered by plaintiff[s] to prove their cause of action in the opinion of this Court amount to extreme and outrageous behavior." We agree. Plaintiffs have merely alleged that Lynch attempted to increase his fees and exercise his legal rights. Moreover, Lynch's contact with plaintiffs by letter after his discharge simply confirmed his discharge, withdrew his offer of a reduction in fees, and forwarded to plaintiffs a copy of the lien Lynch had filed. These acts do not amount to such extreme and outrageous conduct as to give rise to recovery for intentional infliction of emotional distress.
Upon Lynch's showing that there was an absence of factual support for one or more elements essential to plaintiff's' claim, then plaintiffs were required to produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden at trial. La. C.C.P. art. 966 C(2). When plaintiffs failed to produce such support, there was no genuine issue of material fact, and summary judgment was proper. La. C.C.P. arts. 966 and 967. This assignment has no merit.

All Remaining Claims
Plaintiffs contend the trial court erred in granting Lynch's motion for summary judgment that dismissed all plaintiffs' remaining claims. A review of the pleadings in the instant matter establishes that plaintiffs' original petition alleged Lynch's actions of releasing a viable defendant, over-charging plaintiffs, failing to deal with Julio's disability, refusing phone calls, refusing to participate in depositions, inappropriate contact, and threatening to increase the fee supported their claims in negligence and malpractice. Plaintiffs' first supplemental petition also alleged a breach of contract.
Plaintiffs' second supplemental petition expressly struck all prior pleadings and asserted Lynch was not due any fees from the final settlement. In addition, plaintiffs asserted a claim for intentional infliction of emotional distress.
After the plaintiffs expressly struck all their prior pleadings and the trial court granted Lynch's motion for summary judgment striking plaintiffs' claim for intentional infliction of emotional distress, the only remaining claim by plaintiffs was their assertion that Lynch was not due any fees from the final settlement, or that Lynch was limited to a fee based on quantum meruit.
Lynch moved for summary judgment, contending he contributed to the settlement with the final defendant and was due payment for his services. Lynch asserted an absence of factual support for plaintiffs' claim that Lynch was not due any fees from the final settlement. In support, Lynch offered, among other items, a copy of the contract, pleadings pertaining to the final defendant, correspondence referencing negotiations between plaintiffs and the final defendant, Lynch's suit of intervention, and the final settlement documents. The plaintiffs did not offer any evidence in opposition to Lynch's motion.
Lynch asserted there was no genuine issue of material fact concerning his right *953 to fees, and supported that claim with evidence of his contract and samples of his work. Plaintiffs failed to offer any factual support to establish that they would be able to satisfy their evidentiary burden of proof at trial that Lynch was not due any fees for his work. Therefore, no genuine issue of material fact remained, and Lynch was entitled to judgment as a matter of law. See La. C.C.P. art. 966. The grant of summary judgment was proper. This assignment is without merit.

Recusal of Judge
By this assignment of error, plaintiffs assert the trial judge erred in failing to recuse himself. Plaintiffs contend the trial judge's indifference to plaintiffs' rights, rulings in favor of Lynch, and subsequently-revealed mistrust of plaintiffs' counsel required recusal. Recusal of a judge is governed by La. C.C.P. arts. 151 through 161. La. C.C.P. art. 154 specifically requires that a party desiring to recuse a judge of a district court file a written motion, assigning the ground for recusation. When a party desires recusal of a judge, a written motion is required. La. C.C.P. art. 154.
The record in the instant case contains no written motion for recusal. Moreover, the trial court made no ruling concerning recusal. With no motion by the plaintiffs and no ruling by the trial court, there is nothing for this court to review. This assignment is without merit.

Costs
Plaintiffs assert the trial court erred in taxing them with costs. Plaintiffs contend that considering their petition, asserting well pleaded allegations of legal negligence and seeking dismissal of further legal fees, it was erroneous to be cast for costs.
The assessment of costs is controlled by La. C.C.P. art.1920, which provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Although a party cast in judgment should generally be taxed with costs, the trial court may assess costs of a suit in any equitable manner. Broussard v. Razden, 98-2576, 98-2577, p. 16 (La.App. 1st Cir.12/28/99), 763 So.2d 644, 655.
We find no abuse by the trial court in the assessment of costs. Although plaintiffs asserted multiple claims against Lynch, they were unsuccessful. Under these circumstances, the assessment of costs to plaintiffs was proper. This assignment is without merit.

Request for Jury Trial
Finally, plaintiffs assert the trial court erred in denying their request for a jury trial. The courts have recognized the absolute and inviolate right of a party to a juridical cause to a trial by jury, except as limited by law and provided the requisite procedural forms are fulfilled. Adams v. City of Baton Rouge, 95-2515, p. 18 (La.App. 1st Cir.4/30/96), 673 So.2d 624, 635, writs denied, 96-1491, 96-1492 (La.9/20/96), 679 So.2d 439. When a party makes a timely request and complies with the other procedural requisites, his right to a jury trial cannot be refused. Adams, 673 So.2d at 635.
La. C.C.P. art. 1733 C provides that "[t]he pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a *954 demand for a trial by jury." When a party fails to raise any objection at the time of trial with regard to the lack of a jury, or seek supervisory writs on the interlocutory order denying the jury trial, and proceeds to present his case before the court, he waives his right to a jury trial. Van Meter Drilling Company v. Kubelka, 544 So.2d 547, 550 (La.App. 5th Cir.1989).
Plaintiffs requested a trial by jury by motion filed December 7, 1999. The trial court denied plaintiffs' motion on December 16, 1999, as untimely. It would appear that the time for making a request for jury trial may not have expired, considering that the pleadings were not yet complete. Nevertheless, we need not consider this assignment, in view of our disposition of the other assignments.

ANSWER
Lynch answered plaintiffs' appeal, seeking damages for frivolous appeal. Lynch asserts plaintiffs' appeal failed to raise a serious legal question, was taken solely for delay, and was in bad faith.
The imposition of damages for a frivolous appeal is regulated by La. C.C.P. art. 2164. The courts have been very reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Guarantee Sys. Const. & Restoration, Inc. v. Anthony, 97-1877, p. 13 (La.App. 1st Cir.9/25/98), 728 So.2d 398, 405, writ denied, 98-2701 (La.12/18/98), 734 So.2d 636. In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for the purpose of delay or that counsel does not sincerely believe in the view of law he advocates. Guarantee, 728 So.2d at 405. Considering the record, we cannot say that this appeal was taken solely for purposes of delay or that appellate counsel does not believe in the position she advocates. Therefore, damages for frivolous appeal are not warranted.

CONCLUSION
For the forgoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellants.
AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] The judgment does not fall within the ambit of La. C.C. art. 1915 A, because the summary judgment in this case falls under the provisions of La. C.C.P. art. 966 E.