868 So.2d 711 (2003)
Judge Mark D. PLAISANCE
v.
Mayor Leroy DAVIS, Mayor, City of Baker; Aristead Clayton, Treasurer; Julie Pittman, Finance Director; Phyllis Trisler, Personnel Director
No. 2003 CA 0767.
Court of Appeal of Louisiana, First Circuit.
November 7, 2003.
Writ Denied February 13, 2004.
*713 John Olin Brown, Baker, Counsel for Plaintiff/Appellee Judge Mark D. Plaisance.
Winston G. Decuir, Sr., Baton Rouge, Counsel for Defendant/Appellant Mayor Leroy Davis.
Before: WHIPPLE, KUHN, and MCDONALD, JJ.
KUHN, J.
When the City of Baker ("the City") failed to issue a paycheck to newly-elected City Court Judge Mark D. Plaisance, he filed this suit seeking an alternative writ of mandamus directing Leroy Davis, Mayor of the City, and those acting under his orders, to issue his paycheck or to show cause why the writ of mandamus should not be made peremptory. Mayor Davis had directed city officials not to issue the *714 paycheck because Judge Plaisance had failed to submit to a substance-screening urinalysis and had declined to execute a personnel action form. Judge Plaisance maintained that because he was an elected official, he was not subject to the City's Substance Abuse policies. He further maintained that he did not sign the personnel action form because it reflected an erroneous rate of pay, which was lower than the rate of pay set by the Baker City Council ("the Council") pursuant to Ordinance 2002-21, the council's budget ordinance for the fiscal year July 2002-June 2003. Initially, the trial court issued the alternative writ of mandamus. After Mayor Davis failed to issue the paycheck within the time period provided in the mandamus order, the trial court held a hearing. Thereafter, the trial court signed a judgment ordering that the writ of mandamus be made peremptory. This judgment also ordered Mayor Davis to pay court costs and $5,000 in attorney's fees. Mayor Davis has appealed, contesting the trial court's judgment. Judge Plaisance has answered the appeal, seeking damages for a frivolous appeal. We affirm the trial court's judgment and deny Judge Plaisance's answer to the appeal.

I. FACTUAL AND PROCEDURAL HISTORY
Before Judge Plaisance was elected to the position of city court judge, certain events took place that led to the current dispute regarding the amount of his salary. In May 2002, the mayor submitted to the Council a proposed budget addressing the fiscal year of July 2002-June 2003. This proposed budget included a pay plan that provided the City would pay the city court judge an annual salary of $15,792, the amount paid to the then incumbent city court judge, John Engelsman. On June 22, 2002, the council passed an amended budget, Ordinance 2002-21.[1] One of the amendments made by the council increased the City's portion of the city court judge's pay to an annual salary of $25,000.[2] The mayor vetoed the entire ordinance by letter dated June 19, 2002, and the council responded by overriding the mayor's veto on June 21, 2002. Despite the override vote, the mayor instructed the City Treasurer and Finance Director to implement the budget that he had proposed rather than the budget passed by the council pursuant to Ordinance 2002-21. After July 1, 2002, the City continued to pay Judge Engelsman based on the $15,792 annual salary until the end of his term in December 2002. He never contested the matter.
Judge Plaisance was elected as city court judge on October 5, 2002, and began serving his term on January 1, 2003. On January 8, 2003, Judge Plaisance met with the City's Director of Finance and Chief Accountant, Julie Pittman. Judge Plaisance filled out a W-4 form and other related personnel forms. By letter dated January 10, 2003, Mayor Davis and Phyllis Trisler, the City's Personnel Director, informed Judge Plaisance that he was required to submit to a substance-screening urinalysis under the City's Substance Abuse Policy. The letter further advised, "[A]ny applicant refusing to submit to substance testing shall be rejected for employment." A few days later, Judge Plaisance *715 replied by letter that he declined to submit to the substance-screening analysis. He advised that as a judge, he was guided by the Louisiana Supreme Court and Louisiana Judiciary Commission and was not subject to the personnel mandates of the City of Baker.
On or before January 15, 2003, Judge Plaisance received a Personnel Action Form, a data input form used by the City's payroll and accounting departments for processing payroll checks. This form reflected his monthly pay would be $1,316 per month (calculated based on the $15,792 annual salary). Upon receiving this form, he wrote a January 15, 2003 letter to Trisler, advising her that the salary listed on the form was incorrect and that his monthly salary should be $2,083.33 based on Ordinance 2002-21. Because Mayor Davis instructed Pittman to follow the budget that he had prepared, Pittman processed a paycheck based on the lower salary figure. But she did not release the check to Judge Plaisance. She explained that Mayor Davis wanted the check withheld due to Judge Plaisance's refusal to submit to the substance-screening analysis. Additionally, according to Aristead Clayton, the City's Treasurer and Budget Director, the City never released payroll checks until a personnel action form was executed.
On January 27, 2003, Judge Plaisance filed suit against Mayor Davis, Pittman and Trisler.[3] He sought an alternative writ of mandamus directing Mayor Davis, and those acting under his orders, to issue and deliver his paycheck based on the rate of compensation set by the Council pursuant to Ordinance 2002-21, along with court costs and attorney fees, or to show cause why the writ should not be made peremptory.
On February 3, 2003, the defendants filed an answer. Therein, they pled dilatory exceptions raising the objections of prematurity and improper use of summary proceedings. They claimed: 1) the personnel action form must be signed and completed prior to the release of any paycheck; and 2) there was no ministerial duty to comply with Judge Plaisance's request for the higher rate of salary because the ordinance on which he relied was invalid. In a letter of the same date, Mayor Davis conceded that the City's Substance Abuse Screening policy was not applicable to Judge Plaisance, but Mayor Davis also advised that the salary dispute remained viable:
Upon executing the required City personnel action form ..., your paycheck as City Judge at the rate of $15,792 annually will be released to you. You may indicate on the personnel action form that you disagree with the salary rate. The dispute as to the rate will be an issue to be determined by the Court.
The trial court held a hearing, and then signed a February 5, 2003 judgment ordering: 1) the writ of mandamus was made peremptory; 2) Mayor Davis shall be deemed in contempt of court if Judge Plaisance was not paid by noon on Thursday, February 6, 2003; 3) Judge Plaisance was not subject to any drug screening or testing program; and 4) Mayor Davis was to pay attorney's fees in the amount of $5,000 and all court costs. Mayor Davis has devolutively appealed this judgment, urging the trial court erred in dismissing the exceptions and in granting the alternative writ of mandamus. He also claims the trial court erred in assessing costs and *716 attorney's fees against him. Judge Plaisance has answered the appeal, claiming the appeal is frivolous and seeking sanctions.

II. ANALYSIS

A. Prematurity
Louisiana Code of Civil Procedure article 926 A(1) provides for the dilatory exception raising the objection of prematurity. Such an objection is intended to retard the progress of the action rather than to defeat it. La. C.C.P. arts. 923 and 926. A suit is premature if it is brought before the right to enforce the claim sued on has accrued. La. C.C.P. art. 423. Prematurity is determined by the facts existing at the time suit is filed. Houghton v. Our Lady of the Lake Hosp. Inc., XXXX-XXXX, p.5 (La.App. 1st Cir.7/16/03), 859 So.2d 103. The objection of prematurity raises the issue of whether the judicial cause of action has yet come into existence because some prerequisite condition has not been fulfilled. Bridges v. Smith, 2001-2166, p.4 (La.App. 1st Cir.9/27/02), 832 So.2d 307, 310, writ denied, 2002-2951 (La.2/14/03), 836 So.2d 121. The objection contemplates that the action has occurred prior to some procedure or assigned time, and it is usually used in cases wherein the applicable law or contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. EOP New Orleans, L.L.C. v. Louisiana Tax Com'n, XXXX-XXXX, p.4 (La.App. 1st Cir.9/28/01)7 809 So.2d 387, 390, writ denied, XXXX-XXXX (La.3/15/02), 811 So.2d 907.
In the present case, Mayor Davis argues that the suit is premature because Judge Plaisance filed the suit without first completing the personnel action form. Mayor Davis contends that if the form had been filled out, the City would have released a check to him for the amount of his salary that is undisputedly owed to him. Judge Plaisance argues that his failure to sign the form is a useless act that would only have served as acquiescence to an incorrect salary.
The parties' arguments regarding the personnel action form are directed to the merits of the dispute rather than whether this action was actually a prerequisite to filing suit. Although the amount in dispute may have been different if Judge Plaisance had signed the personnel action form, Judge Plaisance's cause of action arose when his first paycheck was withheld. The trial court properly overruled the exception raising the objection of prematurity.[4]

B. Unauthorized Use of Summary Proceedings and Mandamus as a Remedy
Louisiana Code of Civil Procedure article 3781 provides that mandamus proceedings may be tried summarily. Louisiana Code of Civil Procedure article 2592 also states that summary proceedings may be used for trial or disposition of a mandamus proceeding.
The primary issue presented for our resolution is whether or not the trial court properly granted the extraordinary remedy of mandamus. A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. C.C.P. art. 3862. A writ of mandamus may be directed to a public officer to compel *717 the performance of a ministerial duty required by law. La. C.C.P. art. 3863.
In McCain v. Grant Parish Police Jury, 440 So.2d 1369 (La.App. 3d Cir.1983), the court found that a writ of mandamus was the only available avenue of relief for a district court seeking to compel a police jury to budget adequate funds for its operations. In reaching that conclusion, the McCain court found that the district courts in the state of Louisiana possess the inherent power to compel a legislative body, another of the co-equal branches of government, to budget the reasonably necessary expenses incurred to provide the basic needs of an efficient, effective court. This conclusion was based on the constitutional vesting of power in three "coordinate, independent, coequal and potentially coextensive" branches of government. McCain, 440 So.2d at 1371, citing 16 Am. Jur.2d Constitutional Law § 210 (1964) and referencing La. Const. Art. II, §§ 1 and 2. In the present case, we deal with that same separation of powers between the branches of government involved herein, the city court, the mayor, and the council.
The City Court of Baker was established by the legislature pursuant to the authority granted by Art. VII, § 51 of the Louisiana Constitution of 1921. Acts 1970, No. 424, § 1, codified in La. R.S. 13:2488.21, provided that the City Court of Baker was "ratified and confirmed, and is hereby declared to be established and to exist as provided in said home rule charter, subject to the provisions of the charter ...." The City Court was retained pursuant to Art. V, § 15 of the 1974 Constitution. According to La. R.S. 13:1874, compensation for city judges is generally derived from three sources, the state, the municipality or parish, and from civil fees. Additionally, La. R.S. 13:2488.27 B, addressing the Baker city court judge, establishes that the portion of the judge's salary payable by the city "shall be as fixed by the city council until changed by the council, by ordinance." (Underlining added.)
The Baker City Charter provides for a mayor-council form of government. Baker Code of Ordinances Sec. 1-02.[5] The elected council constitutes the legislative branch of the government and is the governing authority of the City for purposes of legislation and policy making. Secs. 1-02 and 2-01. An elected mayor is the chief executive and administrative officer, who serves as the head of the executive branch. He is the executive officer of the City and supervises and directs the operations of all units of the city government. He is charged with the enforcement of applicable state law, the provisions of the City Charter and the ordinances of the City. Secs. 3-01 and 3-07.
Each year, the mayor is required to prepare and submit a proposed budget, including a pay plan and the operating and capital budgets, to the council. Sec. 3-07. The mayor shall submit his recommendations of the operating budget to the council by May fifteenth of each year. Sec. 6-03. The council is required to adopt a budget no later than June 15th, and if it fails to adopt a budget by that date, it shall be presumed to have adopted the budget submitted by the mayor. Sec. 6-04. Ordinances passed by the council must be dated and delivered to the office of the mayor no later than 24 hours after conclusion of the council meeting. Sec. 3-08. The mayor then has 10 days either to sign the ordinance or veto it. Id. All ordinances vetoed by the mayor shall become law when again passed by the council by an *718 affirmative vote of two-thirds of the membership of the council. Sec. 2-24.
The mayor also directs, controls and supervises the administrative branch of the government. Sec. 4-01. The mayor "shall execute the policy direction of the council and shall be responsible for the enforcement of the law." Id. The department of finance is included within the administrative branch. Sec. 4-03. The finance director is the head of the finance department and must "administer the execution of the capital and operating budgets of the city [and] prepare and issue all checks ...." Sec. 4-10. The treasurer of the city also serves within the department of finance. Sec. 4-11. The treasurer "shall maintain the treasury of the city" and "shall countersign all expenditures or disbursements of the city funds."
Sec 6-02 of the Code of Ordinances further provides, "The operating budget form shall be a modified lump sum budget of expenditures and a detailed budget form of revenues. The operating budget shall be supplemented by a detailed schedule of personnel and a detail of such other budget classifications as the mayor deems advisable." Based on the language of Section 6-02, Mayor Davis asserts that the Council is prohibited from increasing the salary of the city court judge pursuant to the general ordinance that sets forth the operating budget. He argues that the operating budget is submitted in lump sum form and that the council is not permitted to change one individual salary by revising the operating budget ordinance. He contends that the council could only achieve this result by enacting an ordinance specifically addressing the salary of the city court judge. In effect, Mayor Davis challenges the validity of Ordinance 2002-21.
Responding to that argument, Judge Plaisance asserts that Mayor Davis cannot raise the validity of the budget ordinance as a defense to a mandamus proceeding. He urges that if Mayor Davis believes the council improperly or illegally adopted a budget, he must institute a separate legal action to test the validity of the budget ordinance. Until such time that the matter is judicially determined, Judge Plaisance submits that Davis must perform his duty as mayor, including the duty of implementing the budget ordinance passed by the council pursuant to Ordinance 2002-21. We find merit in this argument.
In mandamus proceedings against a public officer involving the performance of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform. State ex rel. New Orleans Canal & Banking Co. v. Heard, 47 La.Ann. 1679, 1696, 18 So. 746, 752 (1895). Public officers have no right to challenge a statute's validity in a mandamus proceeding. See Dore v. A.P. Tugwell, 228 La. 807, 84 So.2d 199, 202 (1955) and State ex rel. New Orleans Canal & Banking Co. v. Heard, 47 La. Ann. at 1696, 18 So. at 752. This doctrine is founded in the basic tenet that, because legislative acts are entitled to great respect and are presumptively constitutional, it would be inimical to public policy to allow a party without interest in a statute, and who is not injuriously affected by its enforcement, to assail its validity. Smith v. Flournoy, 238 La. 432, 443, 115 So.2d 809, 812 (1959). The Heard analysis of this general doctrine demonstrates its merit:
Laws are presumed to be, and must be treated and acted upon by subordinate executive functionaries as, constitutional and legal, until their unconstitutionality or illegality has been judicially established; for in a well-regulated government obedience to its laws by executive officers is absolutely essential and of *719 paramount importance. Were it not so, the most inextricable confusion would inevitably result, and `produce such collision in the administration of public affairs as to materially impede the proper and necessary operations of government.' It was surely never intended that an executive functionary should nullify a law by neglecting or refusing to execute it.'
State ex rel. New Orleans Canal & Banking Co. v. Heard, 47 La. Ann. at 1696, 18 So. at 752.
As the chief executive officer of the City of Baker, Mayor Davis must execute the ordinances as passed by the City Council. By submitting a proposed budget ordinance, the mayor may initially influence the ordinance later passed by the council. But he does not have the authority to actually create the budget ordinance, and thus does not have authority to control the outcome of the council's proceedings. The Council is vested with the power to create laws in the form of ordinances for the city. Once the council passes a budget ordinance, the mayor's power is limited to enforcing the ordinance. Accordingly, he must enforce Ordinance 2002-21 by implementing the provisions of the council's budget rather than the budget that he presented to the council. This separation of powers provided for in the city charter is designed to ensure an orderly process in the operations of the city government. Recognizing this, we conclude that Mayor Davis cannot raise the invalidity of Ordinance 2002-21 as a defense in this mandamus proceeding.
We conclude the Mayor was obligated to compensate Judge Plaisance in accordance with Ordinance 2002-21. Also see Louisiana Attorney General Opinion No. 03-0265 (July 30, 2003). Because Mayor Davis failed to comply with the terms of the City Charter and with the mandate of La. R.S. 13:2488.27 that the city court judge's salary shall be fixed by the Council, we find that Judge Plaisance's only available avenue of relief in this case was by mandamus proceeding.
Mayor Davis also argues that the City was not obligated to compensate Judge Plaisance because he had failed to fill out the Personnel Action Form required by the City for processing a paycheck. We do not find that the absence of this completed form merits the mayor's dereliction of his ministerial duties. Although Judge Plaisance had refused to sign the form because it contained improper salary information, Pittman testified that the City had Judge Plaisance's social security number and address and knew that his term of office had begun on January 1, 2002. She also testified that the City's Accounting Department had issued an employee number to Judge Plaisance and that a payroll check had already been generated for Judge Plaisance. Accordingly, we find that the City had the requisite information needed to process Judge Plaisance's paycheck and that he was not required to execute a document containing improper information in order to receive his paycheck.
Thus, we find no error in the trial court's judgment ordering that the writ of mandamus be made peremptory. Having found that the writ of mandamus was properly issued, it necessarily follows that the defendant's dilatory exception to the unauthorized use of summary proceedings is without merit. Jimmy Davis, Inc. v. Downey, 440 So.2d 916, 919 (La.App. 2d Cir.1983). The trial court properly overruled the exception challenging the use of a summary proceeding.

C. Attorney's Fees
Mayor Davis challenges the trial court's award of attorney's fees to Judge Plaisance. *720 We find the award was proper based on the holding of Perron v. Evangeline Parish Police Jury, XXXX-XXXX (La.10/16/01), 798 So.2d 67.
In Perron, a coroner filed a mandamus action to compel a parish police jury to provide proper funding for his office. The Supreme Court addressed whether the coroner was entitled to recover attorney's fees incurred in the filing and prosecution of the action. The supreme court held that the coroner was entitled to collect reasonable attorney's fees because those expenses were necessary expenses pursuant to La. R.S. 33:1556(B)(1), incident to the operation and functioning of the coroner's office and payable by the police jury. In finding that the attorneys' fees were recoverable under this statute addressing fees for coroner's services, the Supreme Court stated:
[T]his is not a run-of-the-mill legal contest in which a successful plaintiff is seeking recovery from his opponent of legal costs and lawyers' fees for resorting to litigation to enforce given legal rights. Rather, it is a substantive claim to compel this governing authority, having an obligation to fund a state officer, to appropriate or provide funding for a legal contest that bears upon the officer's very right to perform his mission in a reasonably effective manner.
Perron v. Evangeline Parish Police Jury, XXXX-XXXX at p.10, 798 So.2d at 74.
The City of Baker is obligated to pay an annual salary to the city court judge (La. R.S. 13:1874) and must also bear the expenses of operation and maintenance of the court (La. R.S. 13:1889). Because Judge Plaisance's claim is one to compel Mayor Davis, as the executive officer of the City, to properly fund his position, the City is also required to fund the legal contest that has resulted due to the Mayor's failure to perform his ministerial duties. Accordingly, we find no error in the trial court's award of attorney's fees.

D. Frivolous Appeal
Judge Plaisance has answered the appeal seeking damages for frivolous appeal pursuant to La. C.C.P. art. 2164. In order to assess such damages, it must appear that the appeal was taken solely for the purpose of delay or that counsel does not sincerely believe in the view of law he advocates. Cortes v. Lynch, XXXX-XXXX, p.14 (La.App. 1st Cir.5/9/03), 846 So.2d 945, 954. The courts have been very reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Id. Although we have determined that this appeal does not have merit, we cannot say that Mayor Davis's counsel did not seriously believe the position he advocated. Apparently, he believed this was the proper forum for challenging the validity of the budget ordinance. Therefore, damages for frivolous appeal are not warranted, and we deny the relief requested in Judge Plaisance's answer to appeal.

III. CONCLUSION
For these reasons, the judgment of the trial court is affirmed. Appeal costs in the amount of $1,724.78 are assessed against Leroy Davis in his capacity as Mayor of the City of Baker.
AFFIRMED; ANSWER TO APPEAL DENIED.
NOTES
[1] Ordinance 2002-21 was entitled "An Ordinance Adopting the Annual General Fund and Minor Fund Budgets of Revenues and Expenditures... Together with Amendments Titled Plan A: General Fund Revenues & Expenditures ...."
[2] This amount represents only the portion of the city court judge's salary that is payable by the City of Baker and is not the total compensation received. Other compensation is derived from the state and from civil fees. La. R.S. 13:1874.
[3] Clayton was also named as a defendant but was dismissed from the suit prior to the show cause hearing regarding the mandamus.
[4] Although the trial court's judgment did not expressly deny the exceptions, the judgment's silence in this regard is equivalent to a denial of the exceptions. Five N Company, L.L.C. v. Stewart, XXXX-XXXX, p.13 (La.App. 1st Cir.7/2/03), 850 So.2d 51, 59.
[5] Although the Code of Ordinances was not introduced into evidence, we take judicial notice of its provisions pursuant to La. C.E. art. 202 B(1)(c).