THERIOT, J.,
agreeing in part and dissenting in part.
|tI agree with the majority’s analysis and conclusion with respect to Mr. Bracken’s assignment of errors raised on appeal. However, I write separately to respectfully disagree with the majority' regarding Payne & Keller’s answer to this appeal. I would award damages for the filing of a frivolous appeal under the circumstances of this cáse.
On January 24, 2006, Payne & Keller were awarded $2,500.00 in sanctions, and Lambert & Nolan were awarded $2,500.00 in sanctions by the Office of Worker’s Compensation (OWC). The OWC correctly believed that Mr. Bracken’s Disputed Claim for Compensation was frivolous after he had signed an agreement ..releasing the above mentioned parties from all liability related to his work-related injury on October 1,1999.
An appellate court may award damages for frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that the appellant’s counsel does not seriously believe in the position advocated. La. C.C.P. art. 2164; Cortes v. Lynch, 2002-1498 (La.App. 1 Cir. 5/9/03), 846 So.2d 945, 954.
lain the previous appeal, this Court declined to impose sanctions. Although there was a finding that the appeal lacked merit, this Court could not say that Mr. Bracken did not seriously believe the position he advocated or that the appeal was taken solely for purposes of delay. See Bracken, 970 So.2d at 592. Nevertheless, Mr. Bracken has appealed once again'finder essentially the same issues surrounding the same circumstances. This history makes obvious Mr. Bracken’s effort to waste the time and resources of this Court and the related parties, and it becomes *61 less persuasive that Mr. Bracken could have a serious legal question or that he or his counsel could seriously believe in the merit of his assertions. I find that damages for filing a frivolous appeal are warranted in this case. I would therefore impose sanctions for filing a frivolous appeal pursuant to La. C.C.P. art. 2164 and Rule 2-19 of the Uniform Rules-Court of Appeal.