WELCH, J.
| gDamon J. Baldone and Kevin Voisin challenge the district court’s judgment denying their petition for writ of mandamus, which sought an order requiring the Ter-rebonne Parish Registrar of Voters, Rhonda R. Rogers, to register Mr. Baldone as both a Democrat and a Republican. For reasons that follow, we affirm the judgment of the district court.
FACTUAL AND PROCEDURAL HISTORY
On August 10, 2015, Mr. Baldone, previously a registered Democrat, appeared at the office of the Terrebonne Parish Registrar of Voters and completed an “Application for Change of Party Affiliation.” The form instructs the voter to “circle one” party out of a list of .options or “write in” the name of a party to indicate that party with which he is currently affiliated; the form then instructs the voter to “circle one” of those options or “write in” the name of a party to indicate his new affiliation. The options from which the voter may choose are listed on the form as follows: Democrat, Republican, Green, Libertarian, Reform, None, and Other. Plaintiff circled both Democrat and Republican as the parties to which he wished to become affiliated. The Registrar of Voters entered Mr. Baldone’s change in the state voter registration computer system as “Other,” since he did not select “one” political party.
Mr. Baldone filed the instant petition for writ of mandamus, alleging that he “[wa]s being denied his United States Constitutional Right granted by the First and Fourteenth Amendments to associate with the political parties of his choice.” The petition was later amended to add, as an additional plaintiff, Kevin Voisin,[1] and to allege that the Registrar of Voters’s action in recording his party affiliation as “Other” violated, in addition to his right to freedom of association, his rights to Ufree speech and equal protection of the laws. The plaintiffs’ amended petition stated that they were not alleging that any statute was unconstitutional, but rather that the Registrar’s action in registering Mr. Bal-done as “Other” was unconstitutional.
*1007 After a hearing on August 14, 2015, the district court denied the petition for writ of mandamus and dismissed the request for relief. A judgment in accordance with the district court’s ruling was signed that same date. Plaintiffs filed an application for supervisory writ with the Louisiana Supreme Court, and on August 28, 2015, the Louisiana Supreme Court issued an order transferring this matter to this Court “for expedited consideration pursuant to [La.] R.S. 18:221(B).” [2]
Herein, the plaintiffs raise six assignments of error in which they argue that the district court erred in failing to issue the writ of mandamus; in failing to find the Registrar’s actions violated Mr. Bal-done’s right to exercise free speech, to freedom of association, and to equal protection of the laws; in failing to apply the strict scrutiny test; and in finding the State’s interests outweighed Mr. Baldone’s fundamental rights.
LAW AND DISCUSSION
Louisiana Revised Statutes 18:58(A) provides, in pertinent part, that “[s]ubject to the direction of the secretary of state and as provided by law, the registrar in each parish shall be responsible for the registration of voters in the parish-he serves;” The statute further provides that the .registrar “shall participate in the state voter registration computer system established pursuant to La. R.S. 18:31 and shall provide all necessary assistance to the secretary of state to effectuate the inclusion of his parish in that system.”
Louisiana Revised Statutes 18:107(B) provides as follows:
[ 4An elector may change his party affiliation by making application therefor in writing to the registrar. When he receives the request, the registrar shall note the political party designated by the registrant and the date of the change in the registrant’s information on the state voter registration computer system and, if the original application is available in hard copy in the registrar’s office, on the original application form.
The form Mr. Baldone filled out was a copy of Form # 0212, established pursuant to. La. R.S. 18:107(B). It is undisputed that Form # 0212 is provided by the Louisiana Secretary of State .for, use statewide by, .all registrars of voters, and it lists the six party choices hereinabove ¡mentioned.
Mr. Baldone circled “Democrat” as his current party, affiliation, and then circled both “Democrat” and “Republican” to reflect his intention to change party affiliations. He claims that the Registrar, in recording his party affiliation as “Other,” violated his constitutional rights and should be subject to a writ of mandamus to fulfill her ministerial duty to record his party affiliation to accurately reflect his wishes as expressed on the form,’ie., that he be registered, simultaneously with two different political party affiliations.
Louisiana Code of Civil Procedure article 3863 provides that “[a] writ of mandamus may be directed to a public officer to compel the performance” against a -public officer, involving the performance of an official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform. Plaisance v. Davis, 2003-0767 (La.App. 1st Cir.11/07/03), 868 So.2d 711, 718, writ denied, 2003-3362 (La.2/13/04), 867 So.2d 699.
*1008 Mandamus is an extraordinary remedy, which must be used sparingly by the court and only to compel action that is clearly provided by law. The remedy is not available to command the performance of an act that contains any element of discretion, however slight. Further, mandamus is to be used only when there is a | ¡idear and specific legal right to be enforced or a duty to be performed. It never issues in doubtful cases. Bonvillian v. Department of Ins., 2004-0332 (La.App. 1st Cir.2/16/05), 906 So.2d 596, 599, writ not considered, 2005-0776 (La.5/6/05), 901 So.2d 1081; see also Ex parte Tokio Marine & Fire Ins. Co., 322 F.2d 113, 115 (5th Cir.1963) (noting that mandamus is an inappropriate remedy for determining the correctness of a controlling question of law as to which there is substantial ground for a difference of opinion).
Laws are presumed to be constitutional and legal and must be treated and acted upon as such by “subordinaté executive functionaries” until or unless théir unconstitutionality or illegality has been judicially established; in a. well-regulated government, obedience to its laws by executive officers is absolutély essential and of paramount importance. Plaisance, 868 So.2d at 718-719, quoting State ex rel. New Orleans Canal & Banking Co. v. Heard, 47 La. Ann. 1679, 1696, 18 So. 746, 752 (1895).
We are .cognizant of Mr. Baldone’s argument that his political beliefs and “ideas fall" within the spectrum of both the Republican and Democratic Parties.” The district court, nevertheless, opined that the Election Code clearly presupposed that an individual voter would choose owe political party with which to affiliate.[3] We agree. A plain, common sense reading of the applicable statutes, in the context of the Election Code as a whole, demonstrates that the law contemplates that each voter will choose a single party affiliation — or none.[4] Indeed, the essence of voting is making choices; at the heart of the election process is each voter’s right and responsibility to thoughtfully examine the available options and ultimately select that single option that the voter believes is best.
| ¡¡Thus, we find that there is no “clear and specific legal right” to register simultaneously with two. different party affiliations. Mr. Baldone acknowledged that the form' at issue was one prescribed by the secretary of state and was the only form available for a change of registration. As there is no clear and specific right to register to vote under two different parties, the district court did not err in declining to issue a writ of mandamus to order the Registrar to comply with Mr. Baldone’s wishes.
• Furthermore, it is undisputed that the statutorily-mandated, computerized state voter registration = system implemented by the- Louisiana Secretary of State provided no means by which a voter’s registration could be recorded under two different parties simultaneously; thus, the Registrar herein literally could not accede to Mr. Baldone’s request. To urge that the Registrar violated Mr. Baldone’s constitutional rights by not facilitating his ■ request to register under two parties implies that she was logistically capable of doing so, an implication not supported by the facts herein.
*1009 Under the circumstances presented here, we find that the district court correctly denied the petition for writ of mandamus and dismissed the request for relief.
CONCLUSION
For all of the above and foregoing reasons, the August 14,- 2015 judgment of the district court is affirmed. All costs of this appeal are assessed to the plaintiffs/appellants, Damon J. Baldone and Kevin Voisin.
AFFIRMED.
GUIDRY, J. concurs and assigns reasons.

. Louisiana Revised Statutes 18:221(A) provides, in pertinent part, that the duties of the - registrar may be compelled by mandamus "at the suit of two or more qualified electors.”

. Louisiana Revised Statutes 18:221(B) provides that an appeal under that section shall be tried by preference over all other cases. Pursuant to La.'R.S. 18:135, any voter wishing to change his voter registration'to' 'be effective for the election scheduled for October 24, 2015, must accomplish that change by September 23, 2015.

. We are aware that, pursuant to La. R.S. 1:7, the term party, as used in La. R.S. 18.T07, may refer, to “party” or "parties,”, as the singular may .include the plural and vice ver-sa.

. See La. R.S. 1:3, which provides, in pertinent part, that words and phrases shall be ' read in context and construed according to common and approved usage.