*PMc by SMP*

*SMP*

*CHH*

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 1137

## SUCCESSION OF HEZEKIAH BROWN, JR.

Judgment Rendered: **JUN 0 4 2024**

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. P108206

The Honorable Kelly E. Balfour, Judge Presiding

| | |
|---|---|
| Derrick Allen<br>Angie, Louisiana | Plaintiff/Appellant,<br>*Pro Se* |
| Morgan Field<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Shirley Mae Miles Brown |

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**MILLER, J.**

This matter is before us on appeal by plaintiff, Derrick Allen, from a judgment of the trial court sustaining a peremptory exception of no right of action and dismissing Mr. Allen's remaining motions. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

In this succession proceeding, Mr. Allen filed a petition for judicial partition claiming to be the intestate heir of decedent, Hezekiah Brown, Jr. Mr. Allen had initiated paternity proceedings in the Family Court for the Parish of East Baton Rouge to establish that he was the biological child of Mr. Brown. A judgment was rendered in those proceedings ordering Mr. Brown to submit to blood testing. However, Mr. Brown passed away before complying with the judgment.

Mr. Brown's widow, Mrs. Shirley Mae Miles Brown, subsequently filed a petition to open a succession and appoint an independent executor contending that Mr. Brown died testate. Mrs. Brown attached a copy of Mr. Brown's last will and testament in notarial form dated September 2, 2014. Following her appointment as independent executor of Mr. Brown's succession, Mrs. Brown filed a peremptory exception of no right of action contending that Mr. Allen had no right to bring this action where he was not a legatee of Mr. Brown, an intestate heir, a creditor of Mr. Brown, nor a co-owner of property with Mr. Brown. The exception was argued before the trial court, but the parties introduced no evidence at the hearing. The trial court sustained the exception over Mr. Allen's objections.

Mr. Allen appealed the trial court's ruling. On review, this court held that the determination of whether Mr. Allen has a right of action includes contested

---

[1]The factual background and procedural history of this succession matter and related litigation involving these parties are more fully developed in this court's earlier decisions in Succession of Brown, 2022-0091 (La. App. 1st Cir. 10/19/22), 354 So. 3d 17 and Allen v. Brown, 2022-0735 (La. App. 1st Cir. 5/18/23), 2023 WL 3556307, *1 n.2 (unpublished), writ denied, 2023-00837 (La. 10/31/23), __ So. 3d __; see also La. C.C.P. arts. 1911, 1915, and 1918.

2

issues of fact, which required the parties to file evidence pursuant to La. C.C.P. art 2824.[2] Thus, this court vacated the judgment and remanded for a contradictory hearing as provided in La. C.C.P. arts. 2901 through 2904. See Succession of Brown, 2022-0091 (La. App. 1st Cir. 10/19/22), 354 So. 3d 17, 23.

Following remand of this matter to the trial court, the exception and other motions were reset and heard on July 17, 2023. Mr. Allen filed a memorandum in opposition to "All of Mrs. Brown's Pleadings" set for hearing. At the hearing, Mr. Allen was called to testify by counsel for Mrs. Brown, who also introduced Mr. Allen's petition to establish paternity. At the conclusion of the hearing, the trial court sustained Mrs. Brown's peremptory exception of no right of action and dismissed all other matters. In so ruling, the trial court noted that there was no formal acknowledgment of filiation by Mr. Brown and that no judgment of filiation had been rendered by the Family Court such that Mr. Allen did not have standing or a right of action to contest his succession proceeding. A judgment conforming to the trial court's ruling was signed on September 19, 2023.

Mr. Allen appeals.[3]

## DISCUSSION[4]

Mr. Allen contends that the trial court erred "when it refused to recuse himself off the case" and in refusing to request that the Louisiana Supreme Court appoint a judge *ad hoc* to hear the matter.[5]

---

[2]Louisiana Code of Civil Procedure article 2824 provides that in a contradictory succession proceeding, issues of fact shall be determined at a trial thereof only by evidence introduced as in ordinary cases, i.e., documentary evidence or testimony introduced in open court. See La. C.C.P. art. 2824, Official Revision Comments – 1960, comment (c).

[3]Mr. Allen filed a petition for appeal on July 21, 2023, prior to the signing of the judgment on September 19, 2023. To the extent that his motion for appeal is premature, we note that any defect arising from a premature motion for appeal is cured once a final judgment has been signed. See Overmier v. Traylor, 475 So. 2d 1094, 1094-1095 (La. 1985) (per curiam); Green v. Patient Compensation Fund Oversight Board, 2021-1310 (La. App. 1st Cir. 7/5/22), 344 So. 3d 161, 165 n.5.

[4]During the pendency of this appeal, Mrs. Brown filed a motion to stay challenging Mr. Allen's right to proceed *in forma pauperis* without paying the costs associated with this civil litigation. By order of this court issued April 18, 2024, the motion was denied.

Recusal of a judge is governed by La. C.C.P. arts. 151 through 159. Louisiana Code of Civil Procedure article 154 specifically requires that a party desiring to recuse a judge of a district court "shall" file a written motion, assigning the ground for recusation "no later than thirty days after discovery of the facts constituting the ground upon which the motion is based."[6] The grounds for recusal of a judge are set forth in La. C.C.P. art. 151.[7]

---

[5]Mr. Allen filed a motion to supplement the appellate record with an unfiled copy of a "Motion to Vacate and Set Aside Judgment" with attachments that he contends were "missing" from the record. The motion was denied by this court on March 19, 2024.

[6]Louisiana Code of Civil Procedure article 154 provides as follows:

A. A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusal under Article 151. This motion shall be filed no later than thirty days after discovery of the facts constituting the ground upon which the motion is based, but in all cases prior to the scheduling of the matter for trial. In the event that the facts constituting the ground upon which the motion to recuse is based occur after the matter is scheduled for trial or the party moving for recusal could not, in the exercise of due diligence, have discovered such facts, the motion to recuse shall be filed immediately after such facts occur or are discovered.

B. If the motion to recuse sets forth a ground for recusal under Article 151, not later than seven days after the judge's receipt of the motion from the clerk of court, the judge shall either recuse himself or make a written request to the supreme court for the appointment of an ad hoc judge as provided in Article 155.

C. If the motion to recuse is not timely filed in accordance with Paragraph A of this Article or fails to set forth a ground for recusal under Article 151, the judge may deny the motion without the appointment of an ad hoc judge or a hearing but shall provide written reasons for the denial.

[7]Louisiana Code of Civil Procedure article 151 provides as follows:

A. A judge of any trial or appellate court shall be recused upon any of the following grounds:

(1) The judge is a witness in the cause.
(2) The judge has been employed or consulted as an attorney in the cause or has previously been associated with an attorney during the latter's employment in the cause, and the judge participated in representation in the cause.
(3) The judge is the spouse of a party, or of an attorney employed in the cause or the judge's parent, child, or immediate family member is a party or attorney employed in the cause.
(4) The judge is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings.

B. A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

4

Mr. Allen concedes in his appellate brief that he did not file a motion to recuse herein. In the instant case, the record contains no written motion for recusal. Thus, the trial court did not hear, nor make a ruling concerning a recusal. Absent a written motion by Mr. Allen and a ruling by the trial court, there is simply nothing for this court to review. See Cortes v. Lynch, 2002-1498 (La. App. 1st Cir. 5/9/03), 846 So. 2d 945, 953. Moreover, with reference to this assignment of error and other complaints raised by Mr. Allen in his brief, as a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. See State v. Kee Food, Inc., 2019-0795 (La. App. 1st Cir. 5/11/20), 303 So. 3d 672, 677, writ denied, 2020-00716 (La. 9/29/20), 301 So. 3d 1197; see also Uniform Rules-Courts of Appeal, Rule 1-3.[8]

We find no merit to this assignment of error.

## CONCLUSION

For the above and foregoing reasons, the September 19, 2023 judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiff/appellant, Derrick Allen.

**AFFIRMED.**

---

C. In any cause in which the state or a political subdivision thereof is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, is not a ground for recusal. In any cause in which a religious body or religious corporation is interested, the fact that the judge is a member of the religious body or religious corporation is not alone a ground for recusal.

[8]Uniform Rules-Courts of Appeal, Rule 1-3 provides that courts of appeal shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice requires otherwise.